## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

City of Alexandria

v.

49,422 Square Feet
of Land et al.

July 10, 1990

Case No. (Law) CL890898

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on respondent's Plea in Bar, requesting dismissal of the City's Petition for Condemnation. Respondents raise several issues, and they will be dealt with *seriatim*; however, the plea must be denied for reasons as follows.

Respondents alleged that petitioner has failed to follow its own eminent domain procedures in that it failed to include in its resolution the lump sum figure necessary to compensate the owners as required by Charter § 13.03. Clearly, this section applies to the alternative procedure for condemnation, *i.e.*, the so-called "quick-take" procedure. Where, as here, the condemnor does not immediately seek title to, an interest in, or entry onto the property, it need not provide such a lump sum figure. Therefore,

the resolution of condemnation is not defective for this reason.

Respondents next contend that the City has abused its power of condemnation because the debate over the taking and the actions of the City Council and staff reflect that the City does not actually intend to acquire the property. Rather, they argue, the City intends only to use condemnation proceedings to establish the costs of the undertaking. Respondents point to numerous statements of members of City Council evincing such a position, the failure to create a special tax district and prospective inability to do so, and the position of the City Council that general revenue funds would not be used to maintain the parking facilities as evidence of this position. This argument ignores the condemnor's rights under Code of Va. § 25-46.34(b). The City may, even after the report of the Commissioners is filed, dismiss the proceedings. The sanction attached by the statute to such action is an award of fees and costs to the landowners. "The award merely establishes the price which the condemnor must pay if it elects to take the property . . . . Before title can vest, the condemnor must either take possession of the land pursuant to Code § 26-46.8 or pay the award." *Williams v. Fairfax County Housing Authority*, 227 Va. 309 (1984). Thus, Council is within its rights in undertaking a "slow-take" proceeding as authorized in Charter § 13.02.

Respondents' further argument blurs the line between "public use" and "necessity." They argue that because of the failure of the Council to actually create the special tax district to fund the project, that because Council's plans are vague and indefinite, that there must be some question of the necessity of the project. However, this issue is one for legislative determination. *See Hamer, et al. v. School Board of the City of Chesapeake*, 240 Va. 66 (1990). Even if, however, a judicial determination were permitted, the issues decided by the City Council are not so vague, indefinite, or uncertain as to bar the City's use of its eminent domain powers. Providing parking to the public is clearly a public use, and the fact that the financing of the project is not yet fixed does not change this. *See* Charter § 2.03(k); *Light v. City of Danville*, 168 Va. 181 (1936). The evidence shows that the City has gone to great lengths in the amount of work done

on this project. There is at least a reasonable expectation that the project will be completed. This is enough, as certainty is not required.

Next, respondents assert that the City improperly changed the land use designation for the parcel involved by failing to refer the matter to the planning commission as required by Charter § 9.06. Thus, respondents argue, they have been "denied the legal process that the Charter requires." Petitioner argues that the zoning of the property has not been changed, only the land use designation in the master plan has been changed. It appears as if the petitioner is correct, and only the land use designation in the master plan was conditionally changed. This change, not a change in the zoning of the property, need not be considered by the planning commission. Even if required, respondents have cited no authority to support their contention that such action should result in the dismissal of the condemnation petition.

The question of the good faith of the City's offer to purchase is governed by Code of Va. § 25-46.5 which requires a *bona fide* but ineffectual effort "to acquire the property by purchase." This statute has been construed to require only that the condemnor make an offer of a figure "likely to preserve the framework for further negotiations." *Norfolk Redevelopment and Housing Authority v. Baylor*, 214 Va. 1 (1973). The opening offer need not be at the fair market price, nor need it be a figure likely to be accepted. While the City had in its possession an appraisal showing a value in excess of its offer, it was not required to divulge this to the landowners, nor was it required to use it as the sole basis for its offer. The evidence shows alternative values for the property depending upon its use. The City was justified in accepting the lower values as the basis for its offer. It cannot be said from the evidence that the City made the offer in bad faith; that is, it did not offer the sum hoping it would be turned down so that condemnation would result. In fact, the record is replete with evidence that the City wished to acquire the property by purchase without resort to condemnation. While respondents may have been justified in not entering into negotiations, that alone does not mean that the offer of petitioner was in bad faith. *See also, State Highway and Transportation Commis-*

*sioner v. Herndon*, 225 Va. 380 (1983), where a mathematical error followed by an intensive effort to acquire by purchase did not amount to bad faith.

Respondents argue that certain warranties were given as to the development rights after the maintenance of the property as a parking lot for ten years and that warranties of "quiet enjoyment" were made by petitioner when it sold the property to respondents. Nothing in the record, however, indicates that the City waived its eminent domain rights in transferring the property to respondents, and probably any attempt to do so may well have been ineffectual. *Mumpower v. Housing Authority*, 176 Va. 426 (1940). The warranty of "quiet enjoyment" does not in and of itself confer more than a promise from the City that, at the time of the conveyance to respondents, there is no one with a paramount title. Again, there is simply no suggestion, much less any evidence, that the City waived or in any way agreed not to exercise its eminent domain power.

For these reasons the Plea in Bar must be denied.