# Commonwealth Transportation Commissioner of Virginia

v.

# Klotz, Incorporated, et al.

Record No. 920541

January 8, 1993

Present: All the Justices

*Todd E. LePage, Assistant Attorney General (Mary Sue Terry, Attorney General; K. Marshall Cook, Deputy Attorney General; Richard L. Walton, Jr., Senior Assistant Attorney General; James Ashby, III; Roberts, Sokol, Ashby & Jones*, on briefs), for appellant.
*Robert L. Bixby (William Scaife*, on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

In this condemnation case, we decide whether a condemnation certificate, filed by the Commonwealth Transportation Commissioner (the Commissioner) in accordance with Code § 33.1-120 and

122, constitutes a continuing offer to purchase the land described for the amount set forth therein.[1]

On May 22, 1987, the Virginia Department of Transportation (the Department) sent a letter to Max Klotz, offering $15,190 for the purchase of two parcels of land owned by Klotz, Inc. The parcels, designated as 038 and 039, totalled 1.095 acres. On June 4, 1987, Klotz's attorney responded in writing that Klotz was not willing to sell the land for that amount.

On October 21, 1987, the Commissioner issued Certificate No. C-34679 (the condemnation certificate), which stated that the estimated fair value of parcels 038 and 039 was $15,190, and that this amount had been paid into the court below. In November 1988, the Commissioner filed a petition in condemnation, requesting that he be granted indefeasible title to the land. However, in April 1989, the Commissioner nonsuited the petition.[2]

In August 1989, Max Klotz, as successor in title to Klotz, Inc., petitioned the trial court, pursuant to Code § 33.1-132, for the appointment of condemnation commissioners to determine just compensation. Klotz nonsuited this petition on September 25, 1990, after receiving a copy of an adverse environmental report, which the Department had obtained on the parcels. On the same date, Klotz, by counsel, notified the Commissioner in writing that he wished to

---

[1] Code § 33.1-120 provides:

The Commissioner shall pay into court, or to the clerk thereof, such sum as he shall estimate to be the fair value of the land taken, or interest therein sought, and damage done, based on a bona fide appraisal, before entering upon, or taking possession of, such land pursuant to the foregoing section (§ 33.1-119).

Code § 33.1-122 provides, in material part:

The certificate of the Commissioner shall be recorded in the clerk's office of the court where deeds are recorded. Upon such recordation, the interest or estate of the owner of such property shall terminate and the title to such property or interest or estate of the owner shall be vested in the Commonwealth and such owner shall have such interest or estate in the funds held on deposit by virtue of the certificate as he had in the property taken or damaged, and all liens by deed of trust, judgment or otherwise upon such property or estate or interest shall be transferred to such funds. The title in the Commonwealth shall be defeasible until the reaching of an agreement between the Commissioner and such owner, as provided in § 33.1-129, or the compensation determined by condemnation proceedings as hereinafter provided.

[2] Klotz did not challenge whether the Commissioner was entitled to nonsuit the condemnation proceeding. *See Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 75, 400 S.E.2d 172, 174-75 (1991).

accept the $15,190 amount set forth in the condemnation certificate.

In October 1990, the Commissioner drafted an amended version of the condemnation certificate, in which he sought to take only parcel 038 and an easement over parcel 039, the total value of which he estimated at $71. The Commissioner later petitioned the trial court to amend the condemnation certificate to reflect these changes. The trial court denied the Commissioner's petition to amend, ruling that the filing of the condemnation certificate constituted an offer of payment by the Commissioner, and that Klotz's letter of September 25, 1990 was an ''acceptance'' of the monetary amount represented by the certificate.

On appeal, the Commissioner argues that the trial court erred in ruling that the condemnation certificate was a continuing offer to purchase the land and that Klotz's letter of September 25, 1990 constituted an acceptance of the offer. The Commissioner asserts that the trial court's ruling violated the statutory scheme, which provides for the disposition of a condemnation certificate only upon (1) the reaching of an agreement pursuant to the provisions of Code § 33.1-129; or (2) the determination of just compensation in a condemnation trial; or (3) the invalidation of a certificate, as provided in Code § 33.1-125. The Commissioner contends that Klotz's letter did not constitute an ''agreement'' within the meaning of Code § 33.1-129 and, thus, the trial court abandoned the statutory scheme when it ruled in Klotz's favor.

In response, Klotz argues that, since the recordation of the condemnation certificate vested defeasible title in the Commonwealth, the sum deposited pursuant to Code § 33.1-120 was, effectively, a continuing offer to pay Klotz that amount. Klotz asserts that he was entitled to accept this offer on September 25, 1990, because, as of that date, no petition to amend had been filed. Further, Klotz contends that Code § 33.1-129 does not prescribe the exclusive procedure for reaching an agreement, but merely specifies the manner in which an agreement may be brought to the trial court's attention when no condemnation proceeding is pending. We disagree with Klotz.

■ The power of eminent domain is an important element of a sovereign's authority and is to be exercised in proper proceedings for the public welfare. *Light v. City of Danville*, 168 Va. 181, 196, 190 S.E. 276, 281 (1937). The statutes confirming this power are to be strictly construed, and all parties must comply fully with the statutory requirements in any attempt to exercise or defend this right.

*Id.*; *Schmidt v. City of Richmond*, 206 Va. 211, 217, 142 S.E.2d 573, 577 (1965).

■ The filing of a condemnation certificate initiates the Commonwealth's ownership interest in the subject property. Code § 33.1-122 provides that, once the Commissioner has filed a condemnation certificate in compliance with statutory requirements, the Commonwealth shall obtain defeasible title to the land described in the certificate. This section further provides that "[t]he title in the Commonwealth shall be defeasible until the reaching of an agreement between the Commissioner and such owner, as provided in § 33.1-129, or the compensation determined by condemnation proceedings as hereinafter provided." Code § 33.1-122.

In the case before us, Klotz contends that his letter of September 25, 1990 was evidence of an "agreement," within the meaning of Code § 33.1-129.[3] His position rests wholly on the premise that the condemnation certificate represented a continuing offer, which he accepted in his letter. This premise, however, is derived from a misinterpretation of the statutory framework.

■ The only offer recognized within the statutory framework of condemnation is that which occurs at the inception of the process. At that time, the Commonwealth is required to have made a bona fide but ineffectual effort to purchase the property before initiating further action to condemn it. *See* Code § 25-46.5. Thus, by statute, the Commissioner can file a condemnation certificate only after the Commonwealth has offered to purchase the subject property and has been unsuccessful in its attempt. Here, the Commonwealth made an offer to purchase the property on May 22, 1987, and Klotz, Inc. rejected it on June 4, 1987. Therefore, as of June 4, 1987, the offer ceased to exist.

■ The filing of the condemnation certificate did not constitute a renewal of the Commissioner's earlier offer; it was an exercise of the Commissioner's legislative authority, as conferred by statute. *See Highway Comm'r v. Herndon*, 225 Va. 380, 386, 302 S.E.2d 55,

---

[3] Code § 33.1-129 provides, in material part:

At any time after the recordation of such certificate, but prior to the institution of condemnation proceedings, if the Commissioner and the owner . . . are able to agree as to compensation for the land taken and damages, if any, caused by such taking, the Commissioner shall file with the court a petition so stating, with a copy of the agreement attached. . . . Upon the filing of such a petition, . . . the court shall thereupon enter an order confirming absolute and indefeasible title to the land or interest therein in the Commonwealth.

59 (1983). Thus, common law contract principles are not applicable here.

Instead, as provided in Code § 33.1-122, the filing of the condemnation certificate vested defeasible title to the property in the Commonwealth and transferred Klotz, Inc.'s rights in the property to the fund represented by the certificate. *See Norfolk S. Ry. v. AMOCO,* 214 Va. 194, 199, 198 S.E.2d 607, 610 (1973). Further, although Klotz, as subsequent owner of record, fully exercised his right to withdraw certificate funds for use pending resolution of the condemnation proceedings, the amount of his withdrawal was irrelevant to any determination of the price to be paid for the land. *See* Code § 33.1-124.

Viewed in this context, Klotz's letter of September 25, 1990 was not evidence of an agreement between the parties, but merely showed that he was willing to settle the matter for a specific monetary amount. Since the record contains no other evidence of an agreement between the parties, we hold that the trial court erred in ruling that Klotz's letter concluded the condemnation proceedings.[4]

The Commonwealth also contends that the trial court erred in denying the Commissioner's petition to amend the condemnation certificate. We review this ruling in accordance with the standard set forth in *Highway Comm'r v. Herndon,* 225 Va. at 386, 302 S.E.2d at 59. There, this Court stated that "the Commissioner's right to reform, alter, revise, amend, or invalidate a certificate of deposit under Code § 33.1-125 is subject to judicial discretion only if arbitrary or capricious action, or manifest fraud, is found to exist." Upon our examination of the record, we find no evidence of this nature. Indeed, Klotz does not contend that the record contains such evidence. Therefore, in accordance with *Herndon,* we hold that the trial court abused its discretion in denying the Commissioner's petition to amend the condemnation certificate.

For these reasons, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[4] Because there is no evidence that the parties concluded an agreement in any form, we do not reach the issue whether they concluded an "agreement" within the meaning of Code § 33.1-129.