COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Cole and Duff
Argued at Richmond, Virginia

MATTHEW KRIS SMITH

v.   Record No.  1203-95-2         MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                MARCH 19, 1996

           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

        Patricia P. Nagel, Assistant Public Defender
        (David J. Johnson, Public Defender; Office of
        the Public Defender, on brief), for
        appellant.

        Marla Graff Decker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Matthew Kris Smith appeals his conviction of possession of

cocaine with intent to distribute.  He argues that the evidence

was insufficient to support his conviction.  We affirm the

conviction.

     On November 30, 1994 two police officers were on assignment

at the Greyhound bus station in Richmond.  They were part of an

"interdiction team" seeking to prevent illegal narcotics from

entering Richmond from source cities such as New York and

Philadelphia.  The officers saw Smith get off a bus from New York

and enter the bus terminal.  Smith was carrying a navy blue piece

of luggage.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Once inside the terminal, Smith put down the blue bag just long enough to put on his overcoat. He carried the bag as he moved around the terminal, attempting to exit through two of the gates and speaking on two occasions to the clerk behind the ticket counter. He then sat down about ten feet in front of the ticket counter and placed the blue bag between his feet.

One of the officers approached Smith, identified herself as a police officer, and asked Smith to accompany her to the customer service office. Smith complied, but left the bag behind. The second officer followed Smith and his partner into the office, keeping watch on the bag as he walked. The officer lost sight of the bag only for a "split second" as he walked past the wall to enter the inner office. At the customer service office, the first officer explained to Smith that she was part of the drug interdiction team and that he was not under arrest. She asked for permission to search his person and his bag. He gave permission for the personal search, but stated that his bag was already on board the bus.

The second officer conducted the search while the first went to retrieve the blue bag. As he searched Smith, the second officer kept watch on the bag through the glass window in the office. No one else approached the bag or tampered with it in any way. When the first officer retrieved the bag, it was in the same position as it was when Smith left it.

Smith did not have narcotics on his person. However, when the officers searched the bag, they found a bag containing over

211 grams of cocaine with a street value of $7,200.

Where sufficiency of the evidence is challenged after conviction, we examine the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

To convict a defendant of illegal possession of drugs, the Commonwealth must show that the defendant was aware of the presence and character of the drug, and that he was intentionally and consciously in possession of it. Woodson v. Commonwealth, 14 Va. App. 787, 794, 421 S.E.2d 1, 5, aff'd, 245 Va. 104, 429 S.E.2d 1, 5 (1992). Possession may be either constructive or actual. For actual possession, physical possession giving the defendant "immediate and exclusive control" is sufficient. Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970). For constructive possession, the Commonwealth must show that the drugs were in the defendant's "dominion or control". Id.

Smith argues that the Commonwealth failed to prove that Smith was aware of the presence of cocaine inside the blue bag. We disagree. Smith got off the bus and entered the terminal with the blue bag in his hand. The bag remained exclusively in his possession and control until he abandoned it in order to accompany the officer to the station office. The defense

- 3 -

presented no credible evidence that the bag searched was not the bag Smith carried into the terminal, or that anyone tampered with the bag inside the terminal. Thus, the Commonwealth proved that Smith actually possessed the bag and the drugs inside it. Proof of possession of a controlled substance gives rise to the inference that the defendant knows of its character. Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (en banc).

Smith's knowledge that he had illegal drugs in his possession is confirmed by his conduct after he was approached by the police. He abandoned the bag and denied any connection with it, both when he was questioned by the police and at trial. His denial, coupled with the officers' evidence that he possessed the bag, demonstrate his knowledge of the cocaine's character.

Smith also argues that the Commonwealth failed to prove that Smith had dominion and control over the blue bag. His argument is based primarily on the lack of "direct evidence" that the bag belonged to Smith, combined with the "break in the chain of circumstances" when Smith left the bag to accompany the officer. However, the Commonwealth proved by direct evidence that Smith left the bus with the blue bag that contained the cocaine and exercised exclusive physical control of it until he left it at his chair to accompany the first police officer. While the second officer acknowledged that he lost sight of the bag for a "split second" when he entered the customer service office, viewed in the light most favorable to the Commonwealth, this

evidence does not show a "break in the chain of circumstances." The Commonwealth proved, by direct evidence, actual possession of the bag and the cocaine.  For these reasons, the conviction is affirmed.

<u>Affirmed.</u>
