# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

Holly Tree Properties, Inc., et al.

August 15, 2006

Case No. (Law) 2005-5885

BY JUDGE GAYLORD L. FINCH, JR.

This matter came before the Court on the Commonwealth Transportation Commissioner's Motion to Amend the Certificate of Take and for determination of whether the Petitioner made a *bona fide* but ineffectual offer to the Defendants to buy the subject property in this condemnation suit. The hearing took place on May 31, 2006, at which time each party presented evidence and testimony. At the conclusion of the hearing, counsel were requested to file post trial memoranda. All exhibits, testimony, and arguments have now been reviewed, and the Court makes the following finding of fact and conclusions of law.

*Statement of Facts*

In this condemnation action, Defendants Holly Tree Properties, Inc. ("Holly Tree") and Mary Rose Greene dispute that Petitioner Commonwealth Transportation Commissioner ("CTC") made a *bona fide* offer to purchase the subject property within the meaning of Va. Code § 25.1-204. The property that is the subject of this action is located in Fairfax County and is composed

of two non-contiguous parcels (the "southern parcel" and the "northern parcel"). Holly Tree came to acquire the property by way of an escheat sale in 1990. Today, Greene, who is also Holly Tree's acting president, is the owner of the property as a Trustee.

In fall 2002, the CTC, anticipating improvements to Rolling Road, began negotiations with Holly Tree to purchase the property's southern parcel. Upon obtaining an appraisal of that parcel, the CTC submitted an option agreement to Holly Tree which provided for the conveyance of "all of the same land acquired by the landowner from the Commonwealth of Virginia by Escheat Deed dated May 10, 1990," in exchange for $4,920.00. After Holly Tree rejected the CTC's offer to purchase the parcel, negotiations between the two parties came to an end.

On December 10, 2004, the CTC recorded a certificate condemning the property held by Holly Tree. However, just prior to the filing of that condemnation certificate, Holly Tree, acting by and through its president, Greene, conveyed the property to Mary R. Greene, Trustee ("Trustee"). Thus, upon learning that the title of the property had been conveyed after his offer, the CTC filed a petition to amend the certificate to name Mary R. Greene, Trustee, as the owner of the property and not Holly Tree. On March 31, 2006, the Court permitted the CTC to make such an amendment.

After the certificate had been amended, the Trustee filed a separate but similar answer to that of Holly Tree, denying that a *bona fide* offer to purchase had been made by the CTC. In her answer, the Trustee alleged that, since the CTC's certificate did not specify which parcel was to be taken, CTC was seeking to condemn "all" of the property, both the southern parcel and the northern parcel. Thus, according to her allegations, the CTC's offer to purchase the property for $4,920.00 could not have been a *bona fide* offer because he was only offering to compensate her for the southern parcel, but would be condemning the northern parcel as well.

After realizing that the condemnation certificate did not specify which parcel CTC intended to condemn, the CTC filed another motion with the Court to amend the certificate to reflect the plan to only take the southern parcel. It is this motion that is before the court to determine whether the CTC had the right to amend and if the offer to purchase to the owner of the property was *bona fide* pursuant to the provisions of Va. Code § 25.1-204.

*Applicable Law*

Pursuant to Va. Code § 25-46.5, a condemnor shall not institute a proceeding to condemn property until a "bona fide but ineffectual effort to purchase from the owner of the property sought to be condemned has been

made. . . . Such bona fide effort shall include delivery of, or attempt to deliver, a written statement to the owner that explains the factual basis for the condemnor's offer.[1] If the condemnor obtains an appraisal of the property pursuant to the provisions of § 25.1-417, such written statement shall include a copy of the appraisal of the property upon which such an offer is based." The provisions of § 25.1-417 stipulate that the property which is sought to be condemned "shall be appraised before the initiation of negotiation, and the owner . . . shall be given an opportunity to accompany the appraiser during his inspection of the property; however, the requirements of this subdivision shall not apply if the state agency's official who is responsible for the acquisition determines that the value of the property being acquired is less than $10,000, based on assessment records or other objective evidence."

The only offer that will be recognized under the statutory framework of condemnation is that which occurs at the inception of the process. *Commonwealth Transp. Comm'r Klotz, Inc.*, 245 Va. 101, 105, 425 S.E.2d 508 (1993). Before bringing a condemnation action, the Commonwealth must have made a *bona fide* offer. A *bona fide* offer is one that is made in "good faith." *Redevelopment & Hous. Auth. v. Baylor*, 214 Va. 1, 2, 197 S.E.2d 335 (1973). An offer to purchase becomes "ineffectual" when negotiations proceed to the point where it becomes clear that it will be impossible for the parties to reach an agreement. *State Hwy. & Transp. Comm'r v. Herndon*, 225 Va. 380, 385, 302 S.E.2d 55 (1983). When it becomes clear that the parties cannot reach an agreement, the condemnor is not required to pursue such futile efforts any further and may initiate a condemnation proceeding. *Baylor*, 214 Va. at 3.

Pursuant to Va. Code § 33.1-125, the Court or judge in vacation may reform, revise, or amend in whole or in part any condemnation certificate to correct the name or names of the owner or owners in the certificate, or to correct any other error which may exist with respect to such certificate. In addition, a petition filed with the Court by the CTC setting forth any error made in such certificate or the necessity of any change therein shall be deemed sufficient basis for the reformation, revision, alteration, or amendment in whole or in part of such certificate. *Id.*

---

[1] At the time of the offer and the condemnation certificate, Va. Code § 25-46.5 was in effect; that Code section was subsequently repealed and replaced by Va. Code § 25.1-204. The relevant portions of the current and repealed Code sections are substantially similar.

*Bona Fide Offer*

After considering the parties' arguments, the Code of Virginia, and the evidence and testimony presented at the hearing, the Court finds that the CTC made a *bona fide* offer to purchase the subject property. Although the CTC made some clerical mistakes in his offer to purchase to Greene, those mistakes were not prejudicial to Greene. It is apparent to the Court that Greene knew that the CTC was only interested in the southern parcel of her property. It is also clear that she understood how condemnation proceedings work, having been through the process several times before. In making the offer to purchase to Greene, the CTC followed all of the statutory requirements to make the offer *bona fide*. The CTC had the property appraised and gave Greene a copy of the appraisal. The CTC also provided her with maps and engineering drawings in an effort to show her what land the CTC wanted to purchase. Furthermore, Greene admitted at trial to knowing that the CTC was not attempting to purchase the northern parcel.

In a case similar to the instant one, the Virginia Supreme Court held that it was not necessary for the City of Norfolk to make another offer to purchase to the new landowner before bringing the condemnation proceeding because that new landowner was aware of the amount offered to the previous landowner and had communicated that it would not accept such an offer. *Stanpark Realty Corp. v. City of Norfolk*, 199 Va. 716, 723, 101 S.E.2d 527 (1958). Similar to the defendant in *Stanpark Realty Corp.*, Greene had previously told the CTC that she was not going to accept the offer for the southern parcel before she transferred the property to herself as the Trustee. Consequently, it was unnecessary for the CTC to make another offer to Greene just because she was acting as a Trustee instead of the president of Holly Tree. Therefore, despite the clerical mistakes contained in the offer to purchase, the CTC made a *bona fide* offer within the meaning of Va. Code § 25.1-204.

*Amendment of the Condemnation Certificate*

The Court will grant the CTC leave to amend the condemnation certificate to correct the clerical mistakes that it contains. Va. Code § 33.1-125 allows for the amendment of a condemnation certificate. The Court agrees with Greene that Va. Code § 33.1-125 does not apply to offers to purchase, and thus cannot be relied upon to amend such an offer. However, the Court finds that the CTC is not arguing that Va. Code § 33.1-125 applies to the prior offer to purchase. As the Court has ruled, despite the clerical mistakes present

in the offer to purchase to Greene, it was still a *bona fide* offer. However, because the condemnation certificate contains the same clerical mistakes that the offer to purchase contained, the certificate must be amended under Va. Code § 33.1-125 before the CTC can proceed with the condemnation action.

Moreover, contrary to what Greene has argued, the CTC does not wish to amend the certificate to include more land than was in the original offer to purchase, but rather wants to clarify which parcel the CTC intends to take. The Court does not find the amendment to be prejudicial to Greene since she already admitted to knowing during the relevant time period that the CTC never intended to purchase or condemn both parcels of land.

## Conclusion

The Court finds that the Petitioner made a *bona fide* but ineffectual offer to purchase the subject property before instituting condemnation proceedings in accordance with Va. Code § 25-46.5. The Petitioner is also granted leave to amend the condemnation certificate to reflect the correct owner's name and to identify which parcel of property is sought to be condemned.