Present:  Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and
Lacy and Koontz, S.JJ.

TACO BELL OF AMERICA, INC.
                                    OPINION BY SENIOR JUSTICE
v.  Record No. 092465                ELIZABETH B. LACY
                                       June 9, 2011
COMMONWEALTH TRANSPORTATION
COMMISSIONER OF VIRGINIA

         FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jane Marum Roush, Judge

     In this appeal we consider whether, in a condemnation case,

the trial court erred by striking evidence the landowner claims

supported its position that certain items were fixtures, not

personalty, and removing that issue from consideration by the

jury.

                          BACKGROUND

     On February 15, 2008, the Commonwealth Transportation

Commissioner of Virginia (Commissioner) filed Certificate of

Take No. C-908012 in the amount of $1,496,550.00 to acquire

certain land and improvements owned by Taco Bell of America,

Incorporated (Taco Bell).  The Commissioner directed that the

land and Taco Bell restaurant building, located near the

intersection of Route 29 and Gallows Road in Fairfax County, be

taken for all purposes incident to the construction,

reconstruction, alteration, maintenance and repair of Route 29,

identified as Project 0029-029-119, RW208.  Because the parties

were unable to agree on the compensation amount due to Taco Bell

for the taking, the Commissioner filed a Petition in Condemnation in accordance with Virginia's eminent domain statutes, Code §§ 25.1-100 et seq. and 33.1-89 et seq.

Prior to the trial, the Commissioner filed a motion in limine seeking exclusion of Taco Bell's evidence relating to the nature and the value of approximately 42 pieces of equipment used in the restaurant as part of Taco Bell's business. The Commissioner asserted that because those items were not affixed to the property and could be moved, they were not fixtures and therefore could not be included in determining the just compensation for the property taken or damaged. That motion was not resolved prior to trial, but was "continued to the trial date for the trial judge to determine." On the morning of the hearing, the trial court denied the motion in limine, concluding that the matter was a jury issue and noting that "[p]erhaps it could be renewed in the form of a motion to strike."

At trial, the Commissioner called Roy L. Boyer as an expert witness in personal property appraisals to testify concerning the nature and value of the disputed items. Prior to questioning Boyer, the Commissioner argued, as he had in conjunction with his motion in limine, that the court, not the jury, should decide whether the items were fixtures. The court

denied his renewed motion.[1]  Boyer testified that he had

inspected, inventoried and photographed the contents of the Taco

Bell restaurant in June of 2007.  The inventory consisted of 42

items, including warming ovens, freezers, refrigerators, wire

storage racks, sinks, tables, chairs, computerized cash

registers and monitors, various aluminum pans and frying

baskets, and a neon Taco Bell sign.  Referring to the

photographs, which were introduced in evidence, showing the

items as they existed in the building before the building was

demolished by the Commonwealth in 2008, Boyer testified that he

classified all 42 items as personal property because the items

were "not attached to the real estate" and could be "relocated

and moved without damaging the building, the structure, or the

integrity of the unit, the building itself."  Boyer testified

that there was "a large business in used restaurant equipment"

and he set the fair market value for the 42 items at $49,795.00.

The Commissioner called Susan M. King to testify regarding

the value of the real property.  King testified that she did not

include movable items in her appraisal of the real property, but

that she did include "those things that are pertinent to the

---

[1] The Commissioner did not assign cross-error to this ruling
or to the trial court's earlier statement that whether the items
at issue were fixtures or personalty was a matter for the jury
to decide.

real estate, the drive[-]through window, the [exhaust] hoods, the walk[-]in freezer, things that are part of the building."

Taco Bell elicited expert testimony from John C. Reyle regarding the nature and value of the disputed items. Reyle testified that because he became involved in the case after the building and disputed items were demolished, he relied, in part, upon Boyer's inventory of the disputed items to form his opinion. Reyle explained that he considered whether the items were annexed to or moved onto the property, whether the items were incorporated into the use of the property, and whether the user intended to keep the items on the property in determining whether the items were fixtures or personalty. Applying this analysis, Reyle concluded that the items on Boyer's appraisal list were fixtures, not personal property. Reyle testified that he consulted with James R. DeSelms, the designated Taco Bell representative, who "verified" that Taco Bell used the fixtures in its restaurant business prior to the take but had no use for them after the take and left them "in the property." Reyle testified that because "the fixtures and equipment became a part of the Taco Bell property" and because Taco Bell restaurants are sold "[t]ypically with the furniture and the fixtures in place" the 42 disputed items were fixtures, not personal property. Reyle valued the fixtures at $50,000.00, which he testified

should be included in the amount due to Taco Bell as just compensation for the taking.

DeSelms also testified on behalf of Taco Bell stating that the company placed new equipment in its restaurants and expected the equipment to remain in place "for the life of the restaurant." He testified that the company does not use "used equipment" and that the used equipment "has no purpose for another restaurant." DeSelms agreed that the inventoried items in dispute could be removed from the restaurant building but he did not know if Taco Bell attempted to sell or "auction" any of the items.

At the close of all evidence, the Commissioner asked the trial court "to make a decision with regard to the fixtures." In response, the trial court held that the items in question were "purely personal property" and there was no factual determination to be made by the jury because the undisputed evidence showed that the items could have been removed from the property. The trial court also stated that Taco Bell's decision to leave the items in the restaurant and neither move nor resell them was a "business decision." The trial court "grant[ed] [the Commissioner's] motion" and instructed the jury not to consider any of the evidence regarding the 42 items at issue. The jury awarded Taco Bell $1,246,801.60 for the property interests

acquired by the Commissioner and $480,000.00 in damages to the residue.

We granted Taco Bell this appeal on its assignment of error that the trial court erroneously struck Taco Bell's evidence on the value of fixtures on the property and erroneously instructed the jury to disregard that evidence.

DISCUSSION

Whether certain property is personal property or fixtures for purposes of establishing just compensation in a condemnation action is determined by the application of a three-part test:

(1) Annexation of the chattel to the realty, actual or constructive; (2) Its adaptation to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) The intention of the owner of the chattel to make it a permanent addition to the freehold.

[T]he method or extent of the annexation carries little weight, except insofar as they relate to the nature of the article, [and] the use to which it is applied . . . as indicating the intention of the party making the annexation.

The second test . . . is entitled to great weight, especially in connection with the element of intention. If the chattel is essential to the purposes for which the building is used or occupied, it will be considered a fixture, although its connection with the realty is such that it may be severed without injury to either.

The intention of the party making the annexation is the paramount and controlling consideration.

Danville Holding Corp. v. Clement, 178 Va. 223, 232, 16 S.E.2d 345, 349 (1941). Taco Bell argues that the trial court's decision was based solely on whether the items in question were moveable or annexed to the realty taken and, therefore, the trial court did not properly apply the test for determining whether sufficient evidence was presented to submit the issue to the jury. Taco Bell asserts that if the test had been applied properly, the evidence on the issue of whether the items in question were fixtures was sufficient to submit to the jury. We agree with Taco Bell.

The items in question range from aluminum pans, chairs and frying baskets to a refrigerator/cooler, freezer, sinks, warming ovens, work stations and a "drive thru" neon sign. While the evidence is uncontroverted that all of these items are moveable, whether an item can be removed from the realty is not the test for establishing whether or not it is a fixture. Danville Holding Corp., 178 Va. at 232, 16 S.E.2d at 349. For example, in State Highway & Transportation Commissioner v. Edwards Co., 220 Va. 90, 92-94, 255 S.E.2d 500, 502-03 (1979), the landowner contended that items such as a coal conveyor system, scales, advertising signs, underground storage tanks and railroad siding tracks used by a coal and fuel oil distribution company were personalty not subject to condemnation because the items were moveable and could be relocated. The trial court agreed, id. at

-7-

93, 255 S.E.2d at 502, but this Court, applying the Danville Holding Corp. test, reversed, holding that the items were "adapted to and used for the purpose to which the property was devoted" and that the facts and circumstances were "strong indicia of the landowner's permanency of enterprise and, we believe, conclusively establish [the company's] intent to make such machinery and equipment a permanent accession to its realty despite [the] landowner's present disavowals of such intent." Id. at 95-96, 255 S.E.2d at 503.

In this case, while the evidence was undisputed that the items in question could be physically removed from the property, there was also testimony that the items were used for the purpose of the restaurant. In other words, the items were of the type needed "for the purpose to which the property was devoted." Id. at 95, 255 S.E.2d at 503. Taco Bell also presented testimony that it intended that the items remain on the property for the life of the business, or, as stated in Edwards Co., there was an "intent to make such machinery and equipment a permanent accession to its realty." Id. at 96, 255 S.E.2d at 503. Furthermore, although the jury could not view the restaurant and the equipment at issue, it was able to review photographs taken of the items in place at the restaurant prior to the demolition of the building and its contents. Considering the evidence in the light most favorable to Taco Bell, as we

must on appellate review, we conclude that the evidence on the issue whether the items in question were fixtures or personalty for condemnation purposes was sufficient to submit to the jury. Austin v. Shoney's, Inc., 254 Va. 134, 135, 486 S.E.2d 285, 285 (1997). Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.[2]

Reversed and remanded.

---

[2] The Commissioner suggests that on remand the only issue to be considered is whether the items at issue, or any of them, are fixtures and therefore compensable as part of the realty in this condemnation proceeding. However, a just compensation award in a condemnation proceeding is a unitary award. In determining just compensation, the jury considers the realty taken as a whole and not as separate values for discrete elements. See Virginia Electric & Power Co. v. Webb, 196 Va. 555, 569-70, 84 S.E.2d 735, 743 (1954). Therefore, the items, which Taco Bell contends are fixtures and thus part of the realty, must be considered in conjunction with all property taken in determining just compensation.