# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

v.

Norva Properties, L.C.

December 7, 2011

Case No. (Civil) CL10-4346

By Judge Louis A. Sherman

This matter came before the Court on October 3, 2011, on Respondent Norva Properties' (hereinafter "Norva") Motion to Invalidate for lack of jurisdiction and Petitioner Norfolk Redevelopment and Housing Authority's (hereinafter "NRHA") Motion to Strike Respondent's Objections and Affirmative Defenses. After considering the parties' pleadings, the record, the oral and written arguments of counsel, and the relevant legal authorities, the Court has decided to deny Norva's Motion to Invalidate for lack of jurisdiction and grant NRHA's Motion to Strike Norva's Objections and Affirmative Defenses.

In reaching its conclusion, the Court considered whether NRHA made a *bona fide* offer to Norva based on an appraisal of all property sought to be condemned before instituting condemnation proceedings, as required by Virginia Code §§ 25.1-204 and 25.1-417.

For the purpose of ruling on this Court's jurisdiction, the Court finds that NRHA made a *bona fide* offer to Norva, because NRHA complied with the requirements of Virginia Code § 25.1-204, and any dispute regarding the manner in which the property was appraised should be resolved in the "just compensation" phase of this case. Furthermore, the Court also finds that the appraisal covered all of the property sought to be condemned.

*Background of the Present Case*

This case began as one of five condemnation proceeding petitions filed by NRHA against the various property owners. *Norfolk Redev. & Hous. Auth. v. Mehri Kahhal*, Case No. CL10-2162 (filed on March 26, 2010); *Norfolk Redev. & Hous. Auth. v. Martin E. Pecil and Barbara J. Pecil*, Case No. CL10-2816 (filed on April 21, 2010); *Norfolk Redev. & Hous. Auth. v. PKO Ventures, L.L.C.*, Case No. CL10-2825 (filed on April 21, 2010); *Norfolk Redev. & Hous. Auth. v. Central Radio, Inc.*, Case No. CL10-2965 (filed on April 29, 2010); and *Norfolk Redev. & Hous. Auth. v. Norva Props., L.C.*, Case No. CL10-4346 (filed on June 28, 2010). This Court granted leave to amend the first four petitions filed by NRHA on June 29, 2010. On October 14, 2010, this Court granted NRHA's motion to consolidate the five jurisdictional issue proceedings, which was not opposed.

On July 16, 2010, and August 9, 2010, the property owners, by counsel, filed their answers and grounds of defense and simultaneously filed Objections to Jurisdiction and Defenses to the Right to Take. They alleged that this Court did not have jurisdiction to hear these condemnation cases because the purposes for which NRHA is attempting to take the properties are not authorized purposes under the Housing Authorities Law, Title 36, Chapter 1, of the Virginia Code; the subject properties are not blighted as required for a taking by Virginia Code § 1-219.1; NRHA did not make a *bona fide* offer to Norva Properties as required by § 25.1-417(A)(3); NRHA is improperly acting as a paid agent for Old Dominion University and the Old Dominion University Real Estate Foundation; and NRHA's Redevelopment Project was created in violation of due process requirements. (*See* Objections to Jurisdiction and Defenses to the Right to Take 3–4.)

The Court has previously considered all but one of these issues in the property owners' earlier Motion to Invalidate for Lack of Jurisdiction and NRHA's Motion to Strike Respondents' Objections and Affirmative Defenses. In an opinion letter dated February 17, 2011▌ this Court denied the property owners' Motion to Invalidate and granted in part and denied in part NRHA's Motion to Strike Respondents' Objections and Affirmative Defenses. As a result of that ruling, the only remaining issues are with regard to two of Norva's original objections to jurisdiction:

7. Did NRHA make a *bona fide* offer to Norva, as required by § 25.1-417(A)(3) and § 25.1-204 of the Code of Virginia?

8. Did the appraisal upon which NRHA's offer was based appraise all of the property that NRHA sought to acquire?

An evidentiary hearing was held on October 3, 2011, on these two remaining objections to this Court's jurisdiction.

During the October 3, 2011, hearing, the following undisputed facts surrounding NRHA's appraisal of Norva's property were established. Prior to initiating these proceedings, NRHA retained John L. Soscia, M.A.I., to appraise Norva's property. Before conducting his appraisal, Mr. Soscia sent a letter to Norva on February 23, 2010. (Respondent's Exhibit 2.) This letter informed Norva that NRHA was seeking to acquire the property. The letter also stated that Mr. Soscia needed to view the property so that he could conduct an appraisal. The letter was received by Norva, but several weeks passed without any response; so Mr. Soscia sent a second letter to Norva dated March 17, 2010. (Petitioner's Exhibit 1.) Norva claims that it never received this letter, while NRHA asserts that the letter was never returned to Mr. Soscia. On April 5, 2010, Mr. Soscia and Howard Everton, the owner of both Norva Properties, L.C. (the property owner) and Norva Plastics, Inc. (a separate business entity), spoke on the phone to try to arrange a time for Mr. Soscia to view the property. Without being able to schedule a time to view the property and without having full access to the interior of the property, Mr. Soscia, due to time constraints, performed an appraisal of Norva's property. Mr. Soscia was able to view the grounds and the exterior of the building and used several comparable buildings, both in size and use, to complete his appraisal. Upon completion, Mr. Soscia sent Norva a copy of the appraisal, which valued the property at $2,080,000. (Respondent's Exhibit 3.) On April 22, 2010, NRHA sent Norva an offer to purchase the property for the appraisal price. (Petitioner's Exhibit 2.)

## Discussion

### A. *NRHA Made a Bona Fide Offer To Acquire Norva's Property*

Section 25.1-204 of the Virginia Code sets forth the proper procedure that must be followed before a condemning agency may institute condemnation proceedings against a property owner. The primary requirement is that the condemning agency must make "a *bona fide* but ineffectual effort to purchase from the owner the property sought to be condemned." Va. Code Ann. § 25.1-204(A) (2010). The Code goes on to specify that a *bona fide* offer "shall include delivery of, or attempt to deliver, a written offer to acquire accompanied by a written statement to the owner that explains the factual basis for the condemnor's offer." *Id.* § 25.1-204(B). If the condemnor uses an appraisal as the basis for the offer, the appraisal shall be included with the written offer. *Id.* §§ 25.1-204(C), 25.1-417(A)(3). Furthermore, before initiating negotiations regarding the purchase of a property:

the [condemnor] shall establish an amount which it believes to be just compensation therefor and shall make a prompt offer to acquire the property for the full amount so established. In no event shall such

amount be less than the [condemnor's] approved appraisal of the fair market value of such property, if such an appraisal is required. . . . The agency concerned shall provide the owner of real property to be acquired with a written statement of, and summary of the basis for, the amount it established as just compensation, and, if an appraisal is required or obtained, such written statement and summary shall include a complete copy of all appraisals of the real property to be acquired that the [condemnor] obtained prior to making an offer or initiating negotiations for the real property.

*Id.* § 25.1-204(E)(1). *See also* § 25.1-417(A)(3) (identical language under "General provisions for conduct of acquisition").

The *bona fide* offer requirement consistently has been interpreted by the Supreme Court of Virginia to mean that the offer must be one made in good faith. *See Norfolk Redevel. & Housing Auth. v. Baylor*, 214 Va. 1, 3, 197 S.E.2d 335, 337 (1973) ("the statute requires that condemnor's offer to purchase be *bona fide*, i.e. made in good faith"). *See also Commonwealth Trans. Comm'r of Va. v. Holly Tree Properties, Inc.*, 71 Va. Cir. 353, 355 (2006) ("a *bona fide* offer is one that is made in 'good faith' "); *City of Alexandria v. 49,422 sq. ft. of Land*, 21 Va. Cir. 165 (1990) (holding that the condemnor need only make an offer of a figure likely to preserve the framework for negotiations). Virginia Code § 25.1-204(E) has been amended since the *Baylor* decision to include a requirement that an offer by a state agency be no less than the value of an appraisal of the fair market value, which the Court finds was done in this case by NRHA. *See* Va. Code Ann. § 25.1-204(E) (2010). This amendment, however, does not supplant *Baylor* and the Supreme Court's interpretation that a *bona fide* offer is one that is made in good faith.

In *Baylor*, NRHA based its offer to the landowner on a professional appraisal, which was obtained for the purpose of initiating condemnation proceedings. The landowner balked at the offer and argued that the offer was not made in good faith because it was less than the city tax assessment and another appraisal that was done for a loan application. *Baylor*, 214 Va. 2, 197 S.E.2d 336-37. The Supreme Court held that NRHA's offer was *bona fide* and made in good faith because it was based on a professional appraisal of the property. In so holding, the Supreme Court said that an offer based on a professional appraisal "is not frivolous and fully satisfies the statutory requirement." *Id.* at 3, 197 S.E.2d 337.

Norva argues that the amendments to Virginia Code §§ 25.1-204 and 25.1–417 overturn the Supreme Court's holding in *Baylor*. In 1973, when *Baylor* was decided, Virginia Code § 25-46.5 (the predecessor to § 25.1-204) read:

> No proceedings shall be taken to condemn property until a *bona fide* but ineffectual effort has been made to acquire from the owner by purchase the property sought to be condemned, except where such consent cannot be obtained because of the incapacity of one or more of the owners or because one or more of such owners is unable to convey legal title to such property or is unknown or cannot with reasonable diligence be found within this State.

Va. Code § 25-46.5 (1973). In 2005, Virginia Code § 25.1-204 was amended to its current form. The section now requires a condemning authority to "establish an amount which it believes to be just compensation [for the property]." Va. Code Ann. § 25.1-204(E)(1). The Code qualifies this further by requiring that amount to be at least equal to "the state agency's approved appraisal of the fair market value." *Id*. These recent amendments do *not* overturn the Supreme Court's ruling in *Baylor*. The amended Code section has simply clarified a condemning authority's obligations when making an offer to purchase property. The Code still requires a condemning authority to make a good faith offer to purchase property before initiating condemnation proceedings. Now, however, the condemning authority must also ensure that the good faith offer is at least equal to the fair market value as appraised.

This Court finds, as a matter of fact, that NRHA, through its professional appraiser, John Soscia, made a *bona fide* offer to purchase Norva's property located at 3911 Killam Avenue. NRHA's appraisal process for Norva's property began in February 2010 when Mr. Soscia was retained to perform an appraisal of the Property. (Tr. Oct. 3, 2011, p. 109:6-11.) Mr. Soscia then sent a letter to Norva dated February 23, 2010. This letter informed Norva that NRHA was seeking to acquire the property. The letter stated that an appraisal would be necessary and asked Mr. Everton to contact Mr. Soscia with some dates and times where the property might be available for a viewing. (Resp.'s Ex. 2.) Mr. Everton received this letter, but never got in contact with Mr. Soscia to set up a time to view the property. (Tr. Oct. 3, 2011, p. 109:17-18.) After several weeks without a response, Mr. Soscia sent a second letter to Norva on March 17, 2010, which Mr. Everton claims he never received but which was never returned to Mr. Soscia. The March 17th letter, once again, attempted to schedule an appointment to view the property and informed Norva that if they did not respond by March 31, 2010, the appraisal would proceed anyway. (Pet.'s Ex. 1.) In between these two letters, Mr. Soscia repeatedly tried to call Norva and each time the call was directed to a voice mailbox, which was full. (Tr. Oct. 3, 2011, p. 111:24-112:3.) On April 5, 2011, Mr. Soscia and Mr. Everton actually spoke on the telephone. During this conversation, Mr. Soscia asked Mr. Everton for access to the interior of the property. The two could not agree on a date, and, consequently, Mr. Soscia was never provided access to the

interior of the building by Norva. (Tr. Oct. 3, 2011, 112:8-113:1.) On April 7, 2011, Mr. Soscia performed an appraisal of the property, which was to be the basis of NRHA's offer. This Court finds that Mr. Soscia made a good faith effort to gain access to the interior of the property but was met with resistance at every turn by Norva. It was Mr. Everton's actions, or inactions, not Mr. Soscia's lack of effort, that prevented Mr. Soscia from viewing the interior of the property. Mr. Soscia and NRHA have met all statutory requirements under Virginia Code § 25.1-204 for making a *bona fide* offer to Norva.

## B. *NRHA's Appraisal Covered All Property To Be Taken*

In order for a condemnation offer to be *bona fide*, it must be an offer for "the property sought to be condemned." Va. Code § 25.1-204(A). The Virginia Code goes on further to explain that "to the greatest extent practicable, where an interest in real property is acquired by a state agency, the state agency shall acquire an equal interest in all buildings, structures, or other improvements located on the real property." Va. Code. § 25.1-421(A). Norva uses this language to contend that, by condemning the property, NRHA allegedly would be gaining an interest in all unappraised fixtures located within the building, in addition to the building itself and the land. To this end, Norva relies on two cases which describe the standard for determining whether an item is a fixture. *See Danville Holding Corp. v. Clement*, 178 Va. 233 (1941); *Taco Bell of Am., Inc. v. Commonwealth Transp. Comm'r of Va.*, 282 Va. 127 (2011). In *Taco Bell*, the Virginia Supreme Court set forth a three-part test for determining whether a chattel is a fixture. The Court said the requirements of a fixture are: "(1) annexation of the chattel to the realty, actual or constructive; (2) its adaptation to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) the intention of the owner of the chattel to make it a permanent addition to the freehold." *Taco Bell*, 282 Va. at 131-32. The third prong is the key factor in this case. The record is clear, and the Court finds that Mr. Everton and Norva Plastics intended to take all the plastic manufacturing equipment with them.

During the October 3, 2011, evidentiary hearing, it was established that Norva Properties owned the real property and the building on the property while Norva Plastics, Inc., purchased and owned the machinery, paid taxes on the machinery, and operated a plastic fabrication business inside the property. (Tr. 57:17-59:12.) During cross-examination, Mr. Everton testified clearly and unambiguously that Norva "would be relocating the equipment," to any future business location. (*Id.* at 62:5-6.) The Court finds Mr. Everton's testimony to be an unequivocal expression of Norva's intent to take all the equipment located within the property, whether affixed to the property or not, to a new location. Moreover, NRHA has expressed no

interest in acquiring or owning any of the equipment or machinery. The third prong of the *Taco Bell* test is *not* met, and Norva Plastics' machines are not fixtures. This court finds that NRHA's offer was therefore based on an appraisal of the entire property proposed to be taken. The appraisal conducted by Mr. Soscia on behalf of NRHA thus covered precisely the property which NRHA sought to acquire.

## Conclusion

The Court finds that NRHA has complied with all statutory and legal requirements and extended a *bona fide* offer to purchase the Property. NRHA's offer is *bona fide* because it fully satisfies the requirements set out in Virginia Code § 25.1-204, namely that the offer be based on an appraisal of all the property sought to be acquired. This Court hereby overrules Norva's objections to jurisdiction.