PRESENT:   All the Justices

JERRY W. FERGUSON
                                              OPINION BY
v.    Record No. 131121            JUSTICE WILLIAM C. MIMS
                                             April 17, 2014
ELIZABETH ANNE STOKES, ET AL.

FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
R. Bruce Long, Judge

In this appeal, we consider issues regarding adverse possession and the statute of limitations for ejectment, as well as the interpretation of Code § 28.2-1200.1(B)(2).  We also address whether the circuit court erred in directing the appellant to vacate certain property.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In 1955, the Army Corps of Engineers issued Jerry W. Ferguson ("Ferguson") a permit to construct a causeway extending to an island in the Rappahannock River in Middlesex County.  In 1977, Joseph and Effie Bozeman ("Bozeman") acquired the property adjacent to the island and causeway and all riparian rights appurtenant to the shoreline.

In 1998, Ferguson acquired the island and causeway via quitclaim deed.  He knew the Commonwealth owned the bottomlands beneath the island and causeway.[1]

In 2006, Bozeman filed suit seeking an apportionment of her riparian rights and a judgment against Ferguson for interfering

_____

[1] The "island" is actually a man-made creation composed of oyster shell fill.

with those rights.  The suit ended with a settlement agreement in which Ferguson agreed to purchase Bozeman's shoreline property for $350,000.  The settlement agreement provided for a mutual release of all claims.

Ferguson later defaulted on his payment for the shoreline property.  Bozeman then filed a suit to enforce the settlement agreement.  After hearing evidence, the circuit court entered an order (the "2010 order") holding that (1) Bozeman is the owner of the shoreline property; (2) Ferguson owns no shoreline property and has no riparian rights in the area claimed by Bozeman; and (3) the bottomlands under the island and causeway are owned by the Commonwealth.

Relying on the 2010 order, Bozeman filed an ejectment action against Ferguson alleging that his oyster house on the island was located within her riparian zone.  Ferguson filed a plea in bar of the statute of limitations, which the circuit court dismissed, finding that the statute of limitations defense was precluded by the settlement agreement between the parties.

At trial,[2] Ferguson argued that the ejectment action must fail because, pursuant to Code § 28.2-1200.1(B)(2), he owned title to the bottomlands beneath the island and causeway.  Thus, he contended that Plaintiffs had no riparian rights to the

---

[2] Prior to trial, Bozeman died and her heirs ("Plaintiffs") were substituted as plaintiffs in the ejectment action.

2

island and causeway.  Plaintiffs argued that Ferguson could not rely on Code § 28.2-1200.1(B)(2) because he did not specifically plead the statute as a defense to the ejectment action.

The circuit court held that Ferguson could not rely on Code § 28.2-1200.1(B)(2).  The court stated that even if the statute had been properly pled, Ferguson could not meet the statute's substantive requirements because he owns no "title to lands" and was not a "good faith purchaser" of the island and the causeway. The court also held that Bozeman's riparian rights were vested by the 2010 order, and that such vested rights could not be diminished by the passage of Code § 28.2-1200.1(B)(2) in 2011.[3] The circuit court awarded Stokes fee simple possession of the oyster house and directed Ferguson to vacate the structure. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

Ferguson's assignments of error present mixed questions of law and fact.  We must afford deference to the trial court's factual findings, but we review de novo its application of the law to the facts.  See Mulford v. Walnut Hill Farm Grp., LLC, 282 Va. 98, 106, 712 S.E.2d 468, 473 (2011).

---

[3] Code § 28.2-1200.1, enacted by 2007 Acts ch. 879, was amended in 2011 to add the provision currently appearing as subsection (B)(2).  See 2011 Acts ch. 734.

3

B. Statute of Limitations Defense

Ferguson argues that the circuit court committed reversible error by dismissing his plea in bar of the statute of limitations. We disagree.

Under the settlement agreement, the parties mutually released each other "from any and all claims . . . past or present, known or unknown, fixed or contingent, which have arisen or might arise in the future, for or because of any matter or thing done, omitted, or suffered to be done from the beginning of time to the date of th[e] [r]elease." This broad language extinguished all of Ferguson's prior claims for adverse possession of the island and causeway. In fact, after reviewing the settlement agreement in the circuit court, Ferguson withdrew an adverse possession claim he had filed and admitted that it was a "mistake."

Ferguson's plea of the statute of limitations to defeat ejectment was effectively the same as his claim for adverse possession. It was noted by this Court almost a century ago that the acquisition of title by adverse possession and the statute of limitations for ejectment are inextricably linked, because the period necessary to hold property for adverse possession is equal to the statute of limitations barring suits for recovery of real property. See McClanahan v. Norfolk W. Ry.

4

<u>Co.</u>, 122 Va. 705, 714-15, 96 S.E. 453, 472 (1918).  This

principle has not been revisited since.

In <u>McClanahan</u>, this Court stated that "[t]he acquisition of

title to land by [an] adverse user is referable to and

predicated upon the statutes of limitations in the several

[s]tates, which, in effect, provide that an uninterrupted

occupancy of lands by a person who has in fact no title thereto,

for a certain number of years, shall operate to extinguish the

title of the true owner thereto, and vest a right to the

premises absolutely in the occupier."  <u>Id.</u> (internal quotation

marks omitted).

Similarly, a successful plea of the statute of limitations

not only defeats an ejectment action, but also clears the way

for title to be divested and conferred upon the adverse

occupant.  See <u>id.</u> at 715, 96 S.E. at 472; <u>Thomas v. Jones</u>, 69

Va. (28 Gratt.) 383, 387 (1877).  "The object of [statutes of

limitations] is to quiet titles to land, and prevent that

confusion relative thereto which would necessarily exist if no

period was limited within which an entry upon lands could be

made . . . ."  <u>McClanahan</u>, 122 Va. at 715, 96 S.E. at 472

(internal quotation marks omitted).  "It is not surprising,

therefore, that we should find . . . that . . . the authorities

are practically unanimous in ascribing to [the statutes of

limitations to actions for the recovery of lands] the effect of

5

vesting in an adverse occupant who comes within their terms a new, independent and indefeasible title -- one paramount to and good against that of all other persons . . . ."  Id.

Thus, by his plea of the statute of limitations, Ferguson in effect was reasserting his adverse possession claim and seeking ownership of the island and causeway.  However, Ferguson previously waived his right to assert such a claim pursuant to the settlement agreement, as his trial counsel admitted.

Accordingly, we will affirm the circuit court's dismissal of the plea in bar of the statute of limitations.

C. Code § 28.2-1200.1(B)(2)

Ferguson next challenges the circuit court's determination that he could not rely upon Code § 28.2-1200.1(B)(2) to defeat Plaintiffs' claim for ejectment or to establish ownership rights in the bottomlands under the island and causeway.  Specifically, Ferguson assigns error to the court's rulings that (1) his defense pursuant to Code § 28.2-1200.1(B)(2) was procedurally barred because it was not pled; and (2) that he could not meet the statute's substantive requirements because he owns no "titles to lands" and was not a "good faith purchaser" of the island and causeway.  However, these assignments of error contest only two of the three bases for the court's ruling.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated

6

basis for that ruling." Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 421, 732 S.E.2d 690, 698 (2012) (citing United Leasing Corp. v. Thrift Ins. Corp., 247 Va. 299, 307-08, 440 S.E.2d 902, 907 (1994) (failure to assign error to an independent ground supporting the circuit court's ruling "barred any appellate relief that might otherwise have been available" on the ground challenged by the appellant.)). Just as "[w]e cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the [evidentiary] basis for that ruling," Prince Seating Corp. v. Rabideau, 275 Va. 468, 470, 659 S.E.2d 305, 307 (2008), we cannot review it when the appellant does not assign error to every legal basis given for it. "Otherwise, an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged." Manchester Oaks Homeowners Ass'n, 284 Va. at 422, 732 S.E.2d at 698 (internal quotation marks and alteration omitted).

Nevertheless, the mere fact that Ferguson has not assigned error to each basis for the circuit court's ruling does not end the inquiry.

> [W]e still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the [lower] court's decision. . . . But, in making that [evaluation], we do not examine the underlying merits of the alternative holding – for that is the very thing being

7

waived by the appellant as a result of his failure to [assign error to it] on appeal.

Id. (quoting Johnson v. Commonwealth, 45 Va. App. 113, 117, 609 S.E.2d 58, 60 (2005)).

In this case, the circuit court determined that Code § 28.2-1200.1(B)(2) did not apply because the nature and extent of Bozeman's riparian rights were vested by the 2010 order, and such rights could not be diminished by the subsequent enactment of subsection (B)(2) of the statute in 2011. Ferguson conceded at oral argument that he did not assign error to this finding. Without reviewing the correctness of the circuit court's determination, we are satisfied that, if correct, it would render Code § 28.2-1200.1(B)(2) inapplicable. This is true because no statute is to be construed as interfering with vested rights unless that intention is expressly declared. See Gloucester Realty Corp. v. Guthrie, 182 Va. 869, 875, 30 S.E.2d 686, 688 (1944). Accordingly, this ground forms a separate and independent basis to affirm the circuit court's ruling and we will not reverse it.

D. Possession of the Oyster House

Ferguson argues that the circuit court erred in ordering him to vacate the oyster house. He argues that the oyster house is not a fixture attached to realty; it is personalty, and

therefore he should have been allowed to remove it from the island.  We disagree.

> It is difficult, if not impossible, to frame any precise rule to determine whether an article used in connection with realty is to be considered a fixture or not a fixture.  Each case must be decided according to its particular facts and circumstances. . . .
>
> In the absence of any specific agreement between the parties as to the character of a chattel placed upon the freehold, the three general tests are as follows: (1) Annexation of the chattel to the realty, actual or constructive; (2) Its adaptation to the use or purpose to which that part of the realty to which it is connected is appropriated; and (3) The intention of the owner of the chattel to make it a permanent addition to the freehold.

Danville Holding Corp. v. Clement, 178 Va. 223, 231-32, 16 S.E.2d 345, 349 (1941).  This Court has recognized that "[t]he intention of the party making the annexation is the paramount and controlling consideration."  Id. at 232, 16 S.E.2d at 349. See also Taco Bell of Am., Inc. v. Commonwealth Transp. Comm'r of Va., 282 Va. 127, 132, 710 S.E.2d 478, 481 (2011).

In this case, the bottomlands beneath the island and causeway are clearly realty.  Further, there can be no doubt that the island itself was intended to be a permanent annexation to the bottomlands.  It is apparent from Ferguson's actions that he also intended the oyster house to be a permanent addition to the island affixed to the bottomlands.  Ferguson built the oyster house on the island several years earlier for use in his seafood processing business.  He later constructed a second

9

floor living quarters and even attached the oyster house to a septic system. Thus, the court correctly treated the oyster house as a fixture.

The court's ruling that Ferguson did not own the bottomlands or any other shoreline property must stand, as previously explained. Consequently, its direction for him to vacate the oyster house and all other areas of Plaintiffs' riparian zone is not error.

## III.  CONCLUSION

Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>

JUSTICE McCLANAHAN, concurring.

The trial court held that the terms of the parties' settlement agreement barred Ferguson from raising the statute of limitations defense, i.e., that he contractually waived the right to assert the defense in subsequent litigation. Ferguson's only argument on brief challenging that holding in this appeal is that the appellees' current ejectment action arose decades ago and that the statutory period to bring the action expired long before the parties executed the settlement agreement. The problem with this argument is that a statute of limitations defense may be waived "before or after expiration of

10

the prescribed time limit." Titus v. Wells Fargo Bank & Union Trust Co., 134 F.2d 223, 224 (5th Cir. 1943); see United States v. Hitachi America, Ltd., 172 F.3d 1319, 1334 (Fed. Cir. 1999) (explaining that a "statute of limitations can be waived with respect to the expired claims as well as the unexpired claims"). The question thus remains whether Ferguson waived the statute of limitations defense under the terms of the settlement agreement. Ferguson, however, has not argued a basis for reversing the trial court on this issue. Because of this deficiency, I would end the inquiry here and affirm the trial court on this narrow ground. See McGhee v. Commonwealth, 280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010) (explaining that "faithful adherence to the doctrine of judicial restraint warrants [the] decision of cases on the best and narrowest grounds available" (quoting Air Courier Conference v. American Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring) (internal quotation marks omitted)); Miles v. Commonwealth, 274 Va. 1, 2, 645 S.E.2d 924, 925 (2007) (Kinser, J., concurring) (same). For these reasons, I concur only in the result of the majority opinion.