## Richmond

## STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF VIRGINIA

### v.

## VIRGINIA S. HERNDON, ET AL.

April 29, 1983.

Record No. 801172.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*John J. Beall, Jr., Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General; Herbert T. Williams, III; H. Taylor Williams, IV; Williams & Chappell,* on brief), for appeallant.

*J. Segar Gravatt* for appellees.

RUSSELL, J., delivered the opinion of the Court.

In this eminent domain case, we must decide issues concerning the adequacy of an offer to purchase land, and the right of the State Highway and Transportation Commissioner to amend a certificate of deposit.

In August 1966, the State Highway Commissioner was engaged in land acquisition for the improvement of State Route 627 through Dinwiddie County. An agent of the Commissioner called on W. Potter Sterne that month to negotiate a voluntary purchase of a parcel of land owned by Sterne at the intersection of Route 627 and U.S. Route 1. The agent showed the Highway Department's plans to Sterne, outlined the area sought, walked over the area with him, and gave him a copy of the plans. The agent testified that he talked to Sterne about fifteen times, but that the two were never able to reach an agreement as to the purchase price. "He was always a very nice person to talk to, and I enjoyed negotiations with him, but I couldn't consummate a deal with him. Couldn't quite get finished with him. He always wanted to wait and see about something."

Originally, the agent offered Sterne $1790.00. At that time there was on the property a store which was closed. The offer was later increased by $50.00 to allow for a utility easement. In the spring of 1967, Sterne reopened the store on the property. This resulted in an increase of the offer to $3190.00, which the agent submitted to Sterne in writing on May 3, 1967. It was confirmed by letter from Alvah S. Mattox, right-of-way engineer for the Commissioner, dated June 8, 1967. Having received no reply from Sterne, the Commissioner, pursuant to Code § 33.1-122, caused a certificate of deposit to be recorded among the Dinwiddie County land records on June 20, 1967, along with a plat outlining the land and easement taken. The Commissioner notified Sterne, by letter, of the recordation of the certificate, advising him that it transferred title to the land to the Commonwealth, but that Sterne had the right to withdraw the sum of $3190.00 upon application to the court.

Construction of the project began promptly and was completed on Sterne's parcel in 1968. Sterne never withdrew the fund on deposit and instituted no legal proceedings against the Commissioner. Sterne died intestate on February 20, 1978. Sterne's three

daughters are his sole heirs at law. They, and their husbands, are the appellees here.

After recording the certificate, the Commissioner took no further action for twelve years. In December 1978, counsel for the Commissioner filed a petition for condemnation, reciting that he made a bona fide but ineffectual effort to purchase the property from Sterne during his lifetime and praying that Commissioners be appointed to ascertain just compensation and damages, if any.

The appellees appeared by counsel and filed three motions: first, for dismissal of the proceedings due to the Commissioner's failure to make a bona fide effort to acquire the property by purchase, a jurisdictional condition precedent to condemnation; second, for dismissal on the ground of misnomer of the owner; and third, that the date of taking be fixed as December 21, 1978, the time of filing the petition for condemnation, rather than June 20, 1967, the date the "defective certificate herein" was filed.

The Commissioner responded by petitioning the court, pursuant to Code § 33.1-125, for leave to file an amended certificate of deposit to correct errors in the recited names of the owners of the land, the area taken, and the amount of the offer on deposit. This petition recites that the property owner on June 20, 1967 was actually W. Potter Sterne, but that the certificate had erroneously been filed in the names: "W. Potter Stern and Helen R. Stern, husband and wife, co-tenant." It further recited that the area taken was actually 0.84 acre (of which 0.40 acre was in the former right-of-way and 0.44 acre was additional land), while the certificate of deposit had erroneously described a taking of 0.67 acre (of which 0.38 acre was in the former right-of-way and 0.29 acre was additional land). The petition also recited that the Highway Department plans were correct, that the taking was correctly outlined on the plans, both as recorded in the land records with the certificate and as the project was constructed, but that the error consisted of an improper computation of the area shown outlined on the plat. The correction of this error necessitated an increase in the offer to $4150.00, allowing the same value per square foot as had been applied in computing the 1967 offer.

The court heard evidence *ore tenus* on all five motions. The facts were undisputed. The court, by written opinion, ruled that although the Commissioner had negotiated diligently and in good faith, and had "dealt fairly with Mr. Sterne," the fact that the parties were mutually mistaken as to the area to be taken, result-

ing in an inadequate offer, precluded a finding that the Commissioner had made a "bona fide but ineffectual effort" to acquire the property by purchase, as required by Code § 25-46.5[1] (formerly § 33-59.1). The court's opinion stated: "Negotiations based on the erroneous assumption of both parties that a purchase and sale of .29 acres is being considered when in fact .44 acres is involved is tantamount to no negotiations at all." Because compliance with Code § 25-46.5 is a jurisdictional condition precedent to condemnation, the court ruled that the 1967 certificate and the 1978 petition for condemnation were both invalid, rendering the other questions moot. The Commissioner was directed to "institute new proceedings." The final order, after reciting the foregoing ruling, denies the Commissioner's motion for leave to file an amended certificate to correct the admitted errors in the original. The 1967 certificate was invalidated, and the condemnation case dismissed.

■ The landowners make no contention that the Commissioner's erroneous offer was the product of fraud or oppressive conduct. It was undisputed that it arose from a mathematical error in computing and expressing, in terms of hundredths of an acre, an area which was at all times correctly shown on the Commissioner's plat. Sterne was never misled as to the location and boundaries of the taking. The Commissioner's agent went over the plans with him and walked over the area with him. Thus, the offer was bona fide, even though erroneous. Mere incorrectness in the quantum of the offer, without a showing of bad faith, is insufficient to make out a violation of the mandate of Code § 25-46.5. In *Norfolk Redevelopment* v. *Baylor*, 214 Va. 1, 2-3, 197 S.E.2d 335, 337 (1973), we held:

> The statute requires that condemnor's offer to purchase be *bona fide*, i.e., made in good faith. Such an offer need not be the full appraised value. It need not be the fair market price, for that is to be determined in the condemnation proceeding if the parties fail to agree. It need not be the figure likely to

---

[1] § 25-46.5. **Effort to purchase required.** — No proceedings shall be taken to condemn property until a bona fide but ineffectual effort has been made to acquire from the owner by purchase the property sought to be condemned, except where such consent cannot be obtained because of the incapacity of one or more of the owners or because of one or more of such owners is unable to convey legal title to such property or is unknown or cannot with reasonable diligence be found within this State.

be accepted. It need be only a figure likely to preserve the framework for further negotiations.

■ Here, the Commissioner's agent tried diligently, over a long period of time, to secure a voluntary purchase. Sterne refused the various offers made to him for reasons never expressed. A bona fide offer to purchase becomes "ineffectual," within the meaning of Code § 25-46.5, when negotiations proceed far enough to indicate an impossibility of agreement. *Tiller* v. *Railway Company*, 201 Va. 222, 225, 110 S.E.2d 209, 212 (1959). Thus, the trial court erred in ruling that the Commissioner had failed to make a bona fide but ineffectual effort to acquire the property by purchase.

■ We turn to the question of the Commissioner's right to amend the certificate of deposit. Code § 33.1-125[2] provides that the Commissioner's petition setting forth an error in the certificate *shall* be deemed sufficient basis for amendment. This provision is followed by a sentence providing that the court *may* enter an order permitting an amendment. The Commissioner argues that a careful reading of the statute reveals that there is no discretion in the trial court to deny a petition to amend a certificate. This, he contends, is true because recordation of a certificate, pursuant to

---

[2] § 33.1-125. **Reformation, alteration, revision, amendment or invalidation of certificate.** — Upon the recordation of such certificate, no reformation, alteration, revision, amendment or invalidation shall be made for any purpose without the prior consent of the court wherein such certificate is recorded. The court or judge in vacation shall have jurisdiction to reform, alter, revise, amend or invalidate in whole or in part any certificate, to correct mistakes in the description of the property affected by such certificate, to correct the name or names of the owner or owners in the certificate, to correct any other error which may exist with respect to such certificate or for any other purpose. A petition filed by the Commissioner with the court setting forth any error made in such certificate or the necessity of any change therein, shall be deemed sufficient basis for the reformation, alteration, revision, amendment or invalidation in whole or in part of such certificate. The court may enter an order permitting the reformation, alteration, revision, amendment or invalidation in whole or in part and such order, together with any revised certificate which may be necessary shall be spread in the current deed book, and reference made showing the book and page number of the order on the margin of the page wherein the original certificate was spread. The filing of any certificate pursuant to the provisions of this section shall not alter the date of taking as established by the filing of the original certificate pursuant to § 33.1-122 as to any land which is included in the amended certificate, and no such amended certificate shall include any land not in the original certificate. Nothing herein contained shall be construed to prohibit or preclude any person damaged thereby, from showing in the proper proceeding the damage suffered by reason of such mistake or the invalidation of a certificate of deposit as herein provided.

Code § 33.1-122, has the effect of vesting defeasable title in the Commonwealth as to the land affected; thus it is a taking of property for use as a public road.

A determination by the State Highway and Transportation Commission as to the location of, and the necessity for, a road is the exercise of a legislative power, which has been delegated to the Commission. Its discretion in exercising this power is reviewable by the courts only if it is arbitrarily or capriciously exercised or where there is manifest fraud. *Stewart* v. *Highway Commissioner*, 212 Va. 689, 187 S.E.2d 156 (1972). If the original determination by the Commissioner, in designing the road and recording a certificate, is a legislative act, it follows that an amendment thereof to correct errors is of like character. This argument is strengthened by the express provision, in the last sentence of § 33.1-125, that any person damaged by an error in a certificate, or by its invalidation, might show such damage in a "proper proceeding." This provision would have been unnecessary if the court had the discretion to avert or compensate for such damage in ruling on the amendment or invalidation of certificates. The statutory scheme further protects the landowner by insuring that the certificate may not be amended to take additional land.

We agree that the Commissioner's right to reform, alter, revise, amend, or invalidate a certificate of deposit under Code § 33.1-125 is subject to judicial discretion only if arbitrary or capricious action, or manifest fraud, is found to exist. The landowners made no such showing in this case. The Commissioner's petition to amend the certificate should therefore have been granted as a matter of right.

For these reasons, the judgment appealed from will be reversed, and the case will be remanded and reinstated on the docket of the court below for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*