## STATE HIGHWAY AND TRANSPORTATION COMMISSIONER OF VIRGINIA

### V.

## CEPHUS E. GOODRICH AND ELANOR H. GOODRICH

Record No. 860591

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 1988.

*Richard L. Walton, Jr., Senior Assistant Attorney General (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General; James N. Barker, Jr.,* on brief), for appellant.

No brief or argument for appellees.

RUSSELL, J., delivered the opinion of the Court.

The dispositive question in this highway condemnation appeal is whether the condemnor, who filed a certificate of deposit before instituting condemnation proceedings, had the right to amend the certificate during trial in order to reduce the area of land taken.

Cephus E. Goodrich and Elanor H. Goodrich, his wife (the owners), owned a tract of land in Sussex County containing approximately 65 acres. A secondary highway known as Route 620 ran through the tract for a distance of approximately 3,200 feet. The record is unclear concerning the ownership of the fee underlying the highway — one deed in the owners' chain of title appeared to include the highway, another expressly excluded it, and a third treated it as a boundary.

In 1981, the State Highway and Transportation Commissioner (the commissioner) caused a certificate of deposit to be recorded which, pursuant to Code § 33.1-122, vested title to the land described therein in the Commonwealth. The land acquired from the owners by the certificate, taken for the purpose of widening Route 620, consisted of narrow strips on both sides of the highway in addition to the land underlying the existing road. The total taking consisted of 3.01 acres, of which 1.53 acres was included within the existing highway and 1.48 acres was described as "additional land."

Four months after filing the certificate, the commissioner instituted condemnation proceedings. The matter came to trial in June 1985. After the view, the commissioner moved the court to exclude any evidence of the value of the land underlying the existing road on the theory that it had no market value. The court denied the motion. The commissioner then moved to amend the certificate of deposit to exclude the 1.53 acres underlying the existing highway, limiting the taking to the 1.48 acres of "additional land." The court denied that motion as well.

An expert witness testifying for the commissioner opined that the 1.48 acres of "additional land" had a fair market value of $3,124.00. He testified that the 1.53 acres underlying the existing highway had no fair market value and assigned it a nominal value of one dollar. An expert witness for the owners testified that the 1.48 acres of "additional land" had a market value of $8,880.00, the 1.53 acres underlying the existing highway had a value of $4,590.00, that certain utility easements within the taking had a value of $2,580.00, and that the residue of the owners' property was damaged by the taking to the extent of $4,338.00, for a total of $20,388.00. The commissioners awarded $10,000 for all land taken and awarded severance damages of $2,600. The award was not broken down between the land under the highway and the "additional land." The court overruled exceptions filed by the commissioner and confirmed the award in April 1986. We granted the commissioner an appeal.

■ In our view, the case is controlled by *Highway Commissioner* v. *Herndon*, 225 Va. 380, 302 S.E.2d 55 (1983). There, we held that the commissioner has a right to reform, alter, revise, amend, or invalidate a certificate of deposit under Code § 33.1-125, provided such action does not add to the area of the taking, and that this right is subject to the exercise of judicial discretion *only* "if arbitrary or capricious action, or manifest fraud, is found to exist." *Id.* at 386, 302 S.E.2d at 59.

■ This case differs from *Herndon* in that here the commissioner made no effort to amend the certificate until the trial was in progress. In *Herndon*, the question of amendment arose on a pretrial motion. The rule expressed in *Herndon* is applicable nevertheless, because it was based upon a holding that

[a] determination by the State Highway and Transportation Commission as to the location of, and the necessity for, a

road is the exercise of a legislative power, which has been delegated to the Commission. Its discretion in exercising this power is reviewable by the courts only if it is arbitrarily or capriciously exercised or where there is manifest fraud.

*Id.* (citation omitted).

We held, in *Herndon,* that the legislative character of the commissioner's act in recording his original certificate of deposit extends also to his action to amend it to correct errors. *Id.* That legislative character is unaffected by the commissioner's delay in moving to amend. It is, of course, within the court's discretion to grant a continuance to avoid injustice to an owner who may suffer prejudice by reason of the commissioner's delay in moving to amend.

Because neither fraud nor arbitrary or capricious action was alleged or shown by the owners, the court erred in denying the commissioner's motion to amend the certificate. This holding renders moot the commissioner's other assignments of error. Accordingly, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*