## CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Department of Transportation

v.

Fairbrook Business Park Associates et al.

March 22, 1991

Case No. (Law) 96674

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court arises in the context of condemnation proceedings instituted by the petitioner, Virginia Department of Transportation pursuant to Sections 33.1-89 et seq. and 25-46.1 et seq. of the Code. of Virginia. The Constitution of the Commonwealth of Virginia provides for the exercise of the right of eminent domain, its mode of exercise being within the discretion of the state legislature. The only limitation on the exercise of the right is that the landowners' constitutional rights be protected. *Richmond v. Dervishian*, 190 Va. 398, 411 (1950).

Virginia statutes provide two methods for acquiring land for the construction of public highways. *See* Va. Code Sections 25-46.28, 33.1-98 and 33.1-119. The Commissioner in the instant case proceeded pursuant to § 33.1-119 by filing a certificate calling for the payment of the sum that he estimated to be the fair market value of the property taken. Title to the property vested in the Commonwealth upon the filing of the certificate. The title vested in the Commonwealth is, however, defeasible and does not become absolute until the judgment of the court in which the condemnation proceedings are held confirms the report of the commissioners as to the damages assessed and payment is made to the party entitled to the award. *Norfolk &*

*Western R.R. Co. v. Consolidated Turnpike Co.*, 111 Va. 131 (1910); *Insurance Co. v. Dalis*, 206 Va. 71 (1965).

In this case, the petitioner seeks leave to amend the original certificate by which it sought a fee simple interest in the landowner's property. Based on that certificate, it initiated proceedings in this court for condemnation, no agreement having been reached between the Commissioner and the landowner as to proper compensation. The amendment sought is to change the interest to be acquired from a fee simple take to a permanent easement take and to correct an error in calculation in the Certificate in conformance with the area of the take shown on the plans. The Certificate of Take was filed on December 30, 1988, and condemned approximately 83,804 square feet of defendants' property in fee simple and an additional 18,522 by easement. The property was taken by the Department in conjunction with the construction of the Springfield Bypass.

The landowner objects to the amendment, contending the Commissioner fails to meet the statutory standards of necessity and/or that its amendment is arbitrary and capricious. The landowner claims, *inter alia*, that the action of the Commissioner failed to consider the substantial adverse pecuniary and other consequences of the amendment, both to the state and the landowner, that it failed to negotiate the purchase of the new estate, prior to seeking the amendment, citing Va. Code § 25-46.5, that the amendment was sought as a procedural device to enlarge the Court's order regarding permissible discovery, and that such an amendment will constitute an entirely new case to prepare for litigation.

Having considered the pleadings in this matter, the memorandum of law filed and the arguments of counsel, as well as the relevant law, I find the Commissioner's motion for leave to amend should be granted.

First, I find that an amendment of the interest to be taken, and specifically, an amendment of the take from a fee simple interest to a permanent easement falls within the parameters of amendment permitted under Section 33.1-125. Section 33.1-125 provides the right to reform, alter, revise, amend or invalidate a certificate required by § 33.1-121 in order to vest defeasible title in the Commonwealth. Where the amendment sought does not add

to the area of the taking and no "arbitrary or capricious action, or manifest fraud, is found to exist," leave may be granted, even at trial. *See, Highway Commissioner v. Herndon,* 225 Va. 380, 386 (1983). Code § 33.1-125 has been broadly construed by the Supreme Court in *Home Ins. Co. v. Dalis,* 206 Va. 71 (1965). In the *Home Ins. Co.* case, the insurer refused to pay a loss incurred by their insureds, M. Dan Dalis and Nathan Ringler, as a result of a fire which destroyed two of the insureds' barns and sought to cancel the policy on the ground that the State Highway Commission had filed a certificate for recordation, pursuant to the predecessor section of the statutory provision at issue here, vesting title to the land on which the barns were located in the Commonwealth.

The trial court found that the insureds had an insurable interest and the Supreme Court affirmed. The Court found the Commonwealth's title was defeasible and thus was "capable of being defeated by a petition filed by the Commissioner, requesting the court to invalidate the certificate because of the 'necessity of any change'." The Court further found that "[t]he language 'necessity of any change' does not limit the right of the commissioner to have the certificate amended for mere errors. It is broad enough to permit the Commissioner to have the certificate invalidated if he deems it necessary to *change the location* of the highway and to withdraw and abandon the condemnation proceedings at any time before an order has been entered distributing all or any part of the funds deposited by virtue of the certificate." *Id.* at 75 (emphasis added). The amendment sought in the present case does not impermissibly add land area to the property which was the subject of the "quick take" but simply identifies a lesser estate to be taken and is of no greater scope and import than that defined as permissible in *Home Ins. Co. v. Dalis.* Indeed, a change in the location of the take would constitute a change of far greater magnitude than the change at issue here, with far greater potential adverse impact.

The defendants' contention with respect to the arbitrary and capricious character of the amendment is premised essentially on two conclusions. First, defendants state that the amendment is an attempt to reduce the compensation which the Commonwealth would have to pay for the damage

caused by the condemnation. *See* defendants' Brief in Opposition to Motion to Amend Certificate at 5. The Commonwealth does not dispute that reduction in costs to the Commonwealth is its purpose in seeking the amendment. *See* Petitioner's Memorandum of Points and Authorities at 2, 3; Letter from William B. Moore to J. W. Jenkins, Department of Transportation, dated February 13, 1991; Letter from J. W. Jenkins to Ronaldo Nicholson, dated February 14, 1991; Depositions of J. W. Jenkins and Stuart Waymack, *passim.* Defendants also contend the Department failed to consider the costs which will accrue to the landowner as well as the state as a result of proceeding under the proposed amendment, stating that such costs will exceed substantially the damages sought by the landowner in connection with the fee take. *See* Defendants' Brief in Opposition at 5, 6.

It must first be noted that consideration of cost to the public is a legitimate and rational basis upon which the Commissioner may act in seeking amendment to its Certificate. *See State Hwy. Commr. v. Goodrich,* 237 Va. 144 (1989). Second, whether the action taken will result in greater damages to the landowner, and thus to the public, raises an issue that is "fairly debatable" in my view. The fact that the Department did not adopt the landowners' theory of damages and fully explore it does not, of itself, lead to the conclusion that the Department acted on whim and caprice in seeking the amendment or in determining its necessity. The Department has produced sufficient evidence that it has a rational basis for concluding the impact on the land will be diminished by the taking of a lesser estate. *See Hamer v. School Board of the City of Chesapeake,* 240 Va. 66 (1990). For the same reasons, I find that the Commissioner has shown the amendment is necessary.

Finally, I find no evidence that the motion for leave to amend is a mere procedural device adopted because of the pre-trial posture of the petitioner's case. As noted above, the Commissioner could have reasonably determined that a permanent easement taking will have a diminished impact on the landowners' property. *See, e.g.,* Jenkins letter; Depositions of Jenkins and Waymack, *supra.* As to the argument that the Commissioner was required to take action pursuant to Va. Code § 25-46.5 prior to seeking

leave to amend the certificate, I can find no such jurisdictional prerequisite for leave to amend the certificate.

With respect to the amendment to increase the amount of square footage in the take noted in the Certificate and bringing it into conformance with the plans, I believe the issue is governed by *Highway Commr. v. Herndon*, 225 Va. 380 (1983), in which the Supreme Court of Virginia permitted a comparable amendment on the ground that the plans in effect constituted the taking and that the amendment to the Certificate did not effect an impermissible increase in the size of the take.

Finally, § 33.1-125 further provides that damages suffered by reason of an amendment to the Certificate may be shown in a "proper proceeding." I interpret this provision to require a separate hearing for the determination of such damages since the damages at issue are those suffered by any "person," in contradistinction to damages relating to the "land." Only the latter is a proper subject of the condemnation hearing.