## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth
Transportation
Commissioner

v.

Klotz, Inc.,
and Max Klotz

November 7, 1991

By JUDGE WILLIAM H. LEDBETTER, JR.

The Transportation Commissioner of Virginia (the Commissioner) has filed a petition seeking permission to amend the certificate dated October 21, 1987, in connection with the acquisition of certain land owned by the defendants (Klotz). Klotz moved to dismiss the petition, and arguments were heard on October 28, 1991.

No evidence was presented at the October 28th hearing. Based upon representations of counsel, it appears that the funds represented by the certificate have been drawn down but that no written agreement as to compensation has been executed, and no condemnation proceeding has been instituted. The amendment sought is the result of VDOT's decision to acquire an easement rather than a fee simple interest (as originally planned) for most of the taking, thereby greatly reducing the estimate of fair value of the interest taken.

The authority of the Commissioner to take title to and possession of property before condemnation is created and governed by statute. Virginia Code § 33.1-119 bestows upon the Commissioner such authority, for the purpose of

constructing public roads, upon payment of the estimated fair value of the land taken. Payment may be made to the clerk of the court, § 33.1-120, or by means of a certificate in lieu of payment, § 33.1-121. When the certificate is recorded, title is vested in the Commonwealth. (The title is defeasible until the parties reach an agreement or compensation is determined in a condemnation proceeding.) Virginia Code § 33.1-122. The landowner, or other interested party, may apply for distribution of the funds. Such application is not deemed a concession by the landowner that the amount represented by the certificate is the fair value of the interest taken or the damages to which he may be entitled. Virginia Code § 33.1-124.

After the certificate has been recorded, it cannot be amended, revised or invalidated without prior court approval. Virginia Code § 33.1-125. "A petition filed by the Commissioner with the court setting forth any error made in such certificate or the necessity of any change therein shall be deemed sufficient basis for the . . . amendment . . . ."

Construing the quoted language of the statute, the Supreme Court of Virginia has held that the Commissioner's right to amend a certificate is subject to judicial discretion only if arbitrary or capricious action, or manifest fraud, is found to exist. *State Highway and Transportation Commissioner v. Herndon*, 225 Va. 380 (1983); *State Highway and Transportation Commissioner v. Goodrich*, 237 Va. 144 (1989). In *Herndon*, the Court dealt with a pretrial motion to correct a computation of acreage. In *Goodrich*, the Court applied the same rationale to permit an amendment of the certificate at trial to reduce the quantity of land taken. In both cases, the Court explained that the Commissioner's authority is a legislative power, delegated by the General Assembly, and is subject to judicial review only if arbitrarily or capriciously exercised or where there is manifest fraud.

Klotz has neither alleged nor shown arbitrary or capricious action, or fraud, in connection with the Commissioner's decision to acquire an easement rather than a fee for most of the taking.

Next, Klotz argues that an amendment is not proper because the Commissioner has made an offer, and the offer has been accepted.

A deposit of funds, or filing of a certificate under Section 33.1-121, may very well be an "offer," but the distribution of those funds under § 33.1-124 clearly is not an acceptance of that offer. By the express language of the statute, a landowner may draw down those funds without limiting his right to a higher award of compensation (and damages) in the condemnation proceeding.

Settlements are governed by § 33.1-129. Prior to the institution of a condemnation proceeding, the Commissioner and landowner may reach a settlement as to compensation and petition the court for an order confirming indefeasible title to the Commonwealth. Such an agreement is governed by recognized principles of contract law. Thus, if the landowner has expressly and unequivocally communicated an acceptance to the Commissioner (or his agent), an agreement has been reached, the matter has been concluded, and both parties are bound by their agreement. Under such circumstances, it is obvious that the Commissioner cannot thereafter revise the plans, change his mind, or do anything else contrary to the bargain struck between the parties. No such circumstance exists here. So far as the record shows, by representation of counsel, Klotz did not communicate an acceptance of an offer from the Commissioner. Distribution of the funds represented by the certificate do not, without more, establish such an acceptance.

For the reasons explained, the motion to dismiss the petition will be denied and the petition will be granted. The Commissioner's sketch order has been entered as of November 5, 1991, with a notation that the landowner excepts to the entry of the order for the reasons stated in his motion filed herein.

The original certificate was filed more than four years ago. The court is mindful of the developments that have contributed to delay in concluding this matter. However, further delay would be unnecessary. The condemnation proceeding should be instituted and a trial date fixed immediately, so that the case can be disposed of and removed from the docket.