## CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Board of Supervisors

v.

Shirley M. Hunter,
T. William Dowdy, Trustee,
and Henry S. Clay, Trustee, etc.

March 28, 1994

Case No. (Law) 114415

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on the petitioner's motion for reconsideration of this Court's decision denying the petition to amend Certificate RB-136 previously recorded. Finality of decisions of this Court is paramount. Its importance is exceeded only by insuring that the correct decision has been made. In this instance, upon review of the petitioner's motion to reconsider, the respondent's response, and each party's further rebuttal memoranda, as well as the original memoranda and argument on the petition, the Court grants the motion to reconsider and grants the petition to amend the certificate.

The Court is no less pleased with this decision than it would have been had it made that decision originally. However, upon further review of § 33.1–125 of the Code of Virginia and the cases referencing it, including *State Highway Commissioner v. Goodrich*, 237 Va. 144 (1989), *Highway Commissioner v. Herndon*, 225 Va. 380 (1983), and *Home Insurance Co. v. Dallis*, 206 Va. 71 (1965), the Court is persuaded that it has no discretion to deny the petition to amend. Because the condemnation is "the exercise of a legislative power, which has been delegated to the condemnor," this Court may only review the exercise of that power "if it is arbitrarily or capriciously exercised or where there is manifest fraud." *Goodrich*, 237 Va. at 147, citing *Herndon*, 225 Va. at 386. At oral argument this Court found no manifest

fraud, but did find the petitioner's actions to be arbitrary and capricious based upon the time that had elapsed since the filing of the initial certificate, the fact that funds had been withdrawn by the landowners, and that one previous amendment had been allowed by the Court. Upon reflection the Court cannot say that such findings make the petitioner's proposed amendment arbitrary and capricious. Regrettably the case law dictates that result.