# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

City of Chesapeake

    v.

Clear Sky Car Wash, L.L.C.

March 11, 2014

Case No. (Civil) CL12-2185

By Judge Randall D. Smith

This matter is before the Court for a ruling on issues raised by notice for hearing on May 8, 2013, and briefs and responses filed subsequent to that hearing. The Court has reviewed the record and written submissions by counsel and my notes from the May 8, 2013, hearing and is ready to rule.

To clear up some confusion, the Court took this ruling under advisement because it wanted to examine and be clear about the interplay between Title 25.1 and Title 33.1 of the Code of Virginia and their consistencies and differences as related to takings.

While respondent Clear Sky Car Wash, L.L.C. ("Clear Sky") argues many issues and has raised them here and in the federal courts, my recollection is that what was left for ruling was Clear Sky's position that it was entitled to what it refers to as a "219" hearing (meaning a hearing under Va. Code § 25.1-219) to have issues raised by its Answer and Response to the City's Petition for Condemnation determined.

The City responds that, because Clear Sky withdrew funds deposited pursuant to Va. Code § 33.1-124 and has used them to satisfy liens on the subject property, Clear Sky has waived and/or is estopped from asserting challenges to the certificate of take or this condemnation suit other than a determination of just compensation.

The parties' positions have been stated in memoranda and arguments on the record and need not be restated here. The primary question is what, if

anything, is Clear Sky entitled to raise under Va. Code § 25.1-219, given the facts and circumstances existing in this case?

Entities conferred with the power of eminent domain proceed on one or a combination of two methods of condemnation under Title 25.1 or Title 33.1 of the Code of Virginia. *See generally* W. Hamilton Bryson, *Bryson on Virginia Civil Procedure*, § 16.03 (4th ed. 2005). Chesapeake City Charter § 2.02 gives the City "quick take" authority set forth in Va. Code §§ 33.1-119 to 33.1-129, and provides:

> Certificates issued pursuant to such sections may be issued by the city council, signed by the city manager and countersigned by the city treasurer. Such certificates shall have the same effect as certificates issued by the State Highway Commissioner under the aforesaid sections and may be issued in any case in which the city proposes to acquire property of any kind by the exercise of its powers of eminent domain for any lawful public purpose, whether within or without the city, provided that the provisions of such sections shall not be used except for the acquisition of lands or easements necessary for streets, water, sewer, or utility pipes or lines, or related facilities.

Pursuant to the provisions of Title 33.1, the City recorded in the Clerk's office a certificate of take on March 22, 2012. Upon recording the certificate of take, the City deposited with the Clerk the sum of $2.15 million for the benefit of the respondent, which amount the City estimated to be the fair market value of the property. Pursuant to Va. Code § 33.1-122, "upon such recordation, the interest or estate of the owner of such property shall terminate and the title to such property or interest or estate of the owner shall be vested in the [City] and such owner shall have such interest or estate in the funds held on deposit by virtue of the certificate as he had in the property taken." This proceeding is a condemnation by the City for the purpose of (1) confirming absolute title to certain real property located in the City; and (2) determining the amount of just compensation to which the respondent is entitled by reason of such acquisition.

The City filed its Petition for Condemnation on September 14, 2012, initiating the instant case; respondent was served on September 24, 2012. On October 4, 2012, the respondent filed its Petition To Distribute Funds seeking to draw down and distribute the funds deposited by the City. On October 9, 2012, the Court entered an agreed order, which distributed said funds to pay off liens and taxes on the property with the balance paid to the respondent. The City asserts that respondent Clear Sky has waived all claims and objections in this proceeding, with the exception of the right to have a jury determine the full amount of just compensation due by reason of the taking of its property.

Va. Code § 33.1-124 provides a procedure for allowing a property owner to draw down funds deposited with a certificate of take; subsection H provides, in part:

> However, the acceptance of such payment shall not limit the amount to be allowed by a commissioner in a condemnation proceeding, nor limit the rights of any party or parties to the proceeding to appeal from any decision therein; nor shall any party to such proceeding be entitled to introduce evidence of any amount deposited with the court or represented by a certificate, nor of any amount which has been accepted by any party entitled thereto pursuant to this section.

Many differences exist between the two statutory methods for condemnation. For example, Va. Code § 25.1-219(E) provides that, "at such hearing, the court shall also determine whether the petitioner shall be granted a right of entry as provided in § 25.1-223," whereas, Va. Code § 33.1-122 provides that title vests with the City and that the title is "defeasible until the reaching of an agreement between the Commissioner and such owner, as provided in § 33.1-129, or the compensation determined by condemnation proceedings as hereinafter provided." Va. Code § 33.1-95 provides: "Except as to procedure, the Commissioner of Highways shall not be subject to any limitations in Title 25.1 in exercising the power of eminent domain pursuant to this title." Va. Code § 33.1-124(F) provides in part: "[I]nterest shall not accrue if an injunction is filed against the Department of Transportation that enjoins the taking of the property described in the certificate."

Because of the obvious need to construct and complete road infrastructure in a timely manner and because most often a road is clearly a public purpose, Title 33.1 provides an immediate change in title to land in question to the condemnor and the former property owner's interest shifts to the funds held on deposit by either certificate of take or deposit. A landowner would need to seek an injunction to prevent the condemnor from taking possession of the property. *See* Va. Code § 33.1-124(F). To balance this effect, the condemnor must place on deposit the estimated value of the property taken, but not less than the tax assessed value.

### Jurisdiction

Clear Sky argues that the Court lacks jurisdiction for many reasons, as stated. Many of Clear Sky's arguments have been addressed by the Court's overruling of its demurrer. The Fourth Circuit Court of Appeals affirmed the United States District Court for the Eastern District of Virginia's dismissal of Clear Sky's claims under the federal Uniform Relocation Assistance and Real Property Acquisitions Policies Act ("URA"), holding that "the URA, in imposing policies on the heads of federal and state agencies in [42 U.S.C.]

§§ 4651 and 4655, creates no individually enforceable rights. Therefore, Clear Sky lacks any basis for a private action to remedy violations of those sections." *Clear Sky Car Wash, L.L.C., et al. v. City of Chesapeake et al.*, No. 13-1492, 2014 U.S. App. LEXIS 3273, at *13–17 (4th Cir. Feb. 21, 2014) (unpublished decision).

Likewise, Virginia's version is codified in Article 3 of Title 25.1 of the Code of Virginia (Va. Code § 25.1-417 et seq.) entitled "Real Property Acquisition Policies," and provides for requirements to ensure that the condemnor proceeds to acquire a land owner's property in a manner that will minimize costs and frustration to the property owner. It too does not provide the landowner with a private cause of action for failure to comply with its requirements. *See* Va. Code § 25.1-417(B).

Clear Sky argues that the offer to purchase its property prior to condemnation proceedings being filed was not *bona fide* (for several reasons stated in respondent's brief). Clear Sky argues that the *bona fide* offer as required by Va. Code § 25.1-204(A) is jurisdictional and it should be able to challenge jurisdiction in a "219" hearing.

"Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies. The lack of subject matter jurisdiction cannot be waived, cannot be conferred on a court by the litigants, and may be raised at any time. A judgment or order entered by a court that lacks jurisdiction of the subject matter is a nullity. *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors*, 285 Va. 87, 113, 737 S.E.2d 1, 15–16 (2013) (McClanahan, J., concurring) (internal citations omitted).

The issue of jurisdiction as presented here involves condemnors' access to courts for condemnation proceedings. Va. Code § 25.1-201 provides: "Jurisdiction of proceedings to condemn property under this chapter shall be in the circuit court of the county or city wherein such property, or the greater portion thereof proposed to be condemned is situated, unless otherwise specifically provided by law." Va. Code § 17.1-513 sets forth the general jurisdiction of the circuit courts, and provides, in part:

> [Circuit courts] shall have original and general jurisdiction of all civil cases, except cases upon claims to recover personal property or money not of greater value than $100, exclusive of interest, and except such cases as are assigned to some other tribunal. . . . They shall also have jurisdiction of all other matters, civil and criminal, made cognizable therein by law.

The Supreme Court of Virginia has held that a condemnor's *bona fide* offer to acquire property is a condition precedent to condemnation. *State Highway & Transp. Comm'r v. Herndon*, 225 Va. 380, 384, 302 S.E.2d 55, 57 (1983) (construing former Va. Code § 25-46.5 (now Va. Code § 25.1-204)). How that requirement is met appears to be the dispute here. Clear

Sky seems to take the position that the Court should go behind the process the City used to determine its estimate of fair market value. In *Herndon*, the Supreme Court stated: "A *bona fide* offer to purchase becomes "ineffectual," within the meaning of Va. Code § 25-46.5 (now § 25.1-204), when negotiations proceed far enough to indicate an impossibility of agreement. *Id.* at 385, 302 S.E.2d at 58 (citing *Tiller v. Railway Co.*, 201 Va. 222, 225, 110 S.E.2d 209, 212 (1959)).

Clear Sky appears to take the position that this Court should determine how far off the mark the City's determination of an estimate is from the fair market value of the property as a measure of a *bona fide* offer; this determination is left to the jury, commissioners, or the Court in the trial. When negotiations proceed far enough to indicate the impossibility of an agreement, a *bona fide* offer becomes ineffectual. *Id.* It clearly appears that the parties here are at such a position.

### Waiver; Estoppel

For the reasons stated by the City in its Motion To Overrule All Objections to Proceeding and To Set Date for Hearing on Just Compensation, the Court rules that, having petitioned for distribution and receiving the funds from the certificate of take, Clear Sky has waived any objections to the validity of certificate or taking and is estopped from claiming or raising these issues after having done so.

The Court will now answer the question of what is available to address in a "219" hearing, given the posture of the case at this point. Under the current status of this case, Clear Sky may request a hearing under Va. Code § 25.1-219 to: (1) request a pretrial settlement conference and a determination by whom it will be conducted; (2) request the Court to appoint commissioners or empanel a jury; and, (3) fix a date for trial of the issue of just compensation.