## CIRCUIT COURT OF DINWIDDIE COUNTY

Commissioner of Highways

v.

Elliott W. Sadler

### Case No. CL14-292

BY JUDGE JOSEPH M. TEEFEY, JR.

### March 16, 2016

This matter is before the Court on the respondent's motion to dismiss the Commissioner's petition for condemnation and partially invalidate the Certificate of Take. The Court appreciates the written submissions and argument on behalf of both parties. The Court has reviewed all matters and is prepared to rule. For the reasons stated, the respondent's motion to dismiss is denied.

### Questions Presented

Whether Article I, § 11, of the Constitution of Virginia limits the Commissioner to taking only the property necessary to achieve the public use?

Whether this Court loses jurisdiction when the Commissioner's designated expert opines that an existing structure can remain within the utility easement contrary to the Commissioner's Certificate of Take?

*Facts*

This matter involves the Highway Commissioner for the Commonwealth of Virginia's, filing a Certificate of Take to acquire additional land adjacent to existing highways located at the intersection of Cox Road and Boydton Plank Road in Dinwiddie County, Virginia. The landowner impacted by this acquisition is the respondent who owns a convenience store and gas station at the intersection. In 2013, the Commissioner acquired fee simple land, temporary construction easements, and a utility easement by filing a Certificate of Take.

The Certificate of Take, in paragraph seven, detailed the limitations of the respondent's use of the utility easement by providing that, "[respondent] shall not have the right to construct any building, structure, or other above-ground obstruction . . . on the easement." The respondent currently has a digital sign that advertises the price of gasoline that is located partially in this utility easement and partially in the fee simple land acquired by petitioner. According to representations made to this Court, the respondent has incurred expenses related to hiring attorneys, traffic and structural engineers, and a contractor to adjust the property after the petitioner's taking.

The petitioner began negotiations with the respondent for the purchase prior to the acquisition. Respondent rejected petitioner's offer; so, the petitioner filed the Certificate of Take and later filed the petition before this Court. The respondent filed his answer to the petition without including any challenge to the procedural requirement that the petitioner make a *bona fide* offer to purchase and without raising the jurisdiction claim presented in the motion to dismiss.

The parties, through discovery and in accordance with the pretrial scheduling Order, have exchanged their respective designation of experts expected to testify at trial. The petitioner's designation of experts included a site engineer and highway planner, who "is expected to testify that moving or replacing the existing digital electronic display sign in a similar position can be accomplished in the area of the utility easement." The petitioner did not request to amend the Certificate of Take in any pleading before this Court.

During the hearing, the respondent conceded that this description of expected testimony in the petitioner's designation of experts is not an admission. Furthermore, both parties asserted that neither party was moving to present additional evidence to the Court; so, the parties agreed that the evidentiary conflict between the parties regarding the petitioner's continued need for this exclusive interest in the utility easement relative

to the sign remains unresolved. The petitioner presented argument at the motion hearing that any location or relocation of the sign in the easement is subject to approval of the County of Dinwiddie. Finally, the respondent failed to present any documentation or evidence related to the claimed expenses associated with his anticipated need to move the existing sign.

*Analysis*

A. *Whether Article I, § 11, of the Constitution of Virginia Limits the Commissioner to Taking Only the Property Necessary To Achieve the Public Use*

The voters amended Article I, § 11, of the Constitution of Virginia in 2012 by adding, "[n]o more private property may be taken than necessary to achieve the stated public use." The respondent argues that this amendment binds this Court to find that any change in the petitioner's property take is unconstitutional.

Article I, § 11, of the Constitution of Virginia announces a commonly understood fundamental right to private property ownership. This understanding is likewise repeated, and the constitutional amendment cited in the limitations on eminent domain is codified in Va. Code § 1-219.1(C), but subsection D of § 1-219.1 provides an exception for highways. Additionally, Subsection H of § 1-219.1 states, "nothing herein shall be construed as abrogating the power of eminent domain delegated independently of this section." After voters amended Section 11, the General Assembly repealed and re-titled the highway condemnation statutes formerly found in Title 33.1-1 through 33.1-476 by Va. Acts 2014, c. 805, cl. 11, by enacting Title 33.2 thereby reaffirming delegation of condemnation authority to the Highway Commissioner as an independent method of eminent domain. The General Assembly did not change Va. Code § 1-219.1 when enacting Title 33.2. This Court must assume the General Assembly, when enacting laws, "acted with full knowledge of the law in the area in which it dealt." *Falls Church v. Protestant Episcopal Church in the U.S.*, 285 Va. 651, 665-66 (2013) (quoting *Philip Morris USA, Inc. v. Chesapeake Bay Found., Inc.*, 273 Va. 564, 576 (2007)).

The power of eminent domain is an "essential attribute of sovereignty which . . . inheres in the General Assembly." *Hamer v. School Bd. of Chesapeake*, 240 Va. 66, 70 (1990). Virginia Code §§ 33.2-1001 and 33.2-1007 authorize the Commissioner to acquire private property or parcels thereof for highways. There is no constitutional right to a hearing on the necessity of the Commissioner's taking since this remains a legislative question not reviewable by the judiciary. *Id.* The courts have only limited review of the choice or amount of property taken by the Commissioner when the property owner answers the petition that the Commissioner's

exercise is an arbitrary and capricious exercise of discretion or involves manifest fraud. *Id.* at 71. See also Va. Code §§ 25.1-213 and 25.1-214.

The respondent urges this Court to disregard this long standing precedent on eminent domain by adopting his reading of Article I, § 11, of the Constitution of Virginia in isolation and find that the amendment requires that a trial court must dismiss any petition for condemnation, notwithstanding statutory authority, where the property sought is greater than the property taken when the Commissioner filed a Certificate. The respondent's rational is that the reduction in property sought renders the Commissioner's offers to purchase no longer *bona fide* pursuant to the statutory predicate for the petition found at Va. Code § 25.1-204. In support of this position, the respondent cites *H. G. Charles v. Big Sandy and Cumberland Ry.*, 142 Va. 512, 516 (1925):

> no proceeding shall be taken to condemn land until a *bona fide* effort has been made to acquire the same by purchase. The reason for the existence of this statute is likewise plain. A landowner should not be put to the trouble and possible expense of counsel fees upon the mere whim or caprice of the condemnor when a *bona fide* effort to purchase his land would in all probability terminate the transaction. Without first determining the question of a *bona fide* offer having been made by the company, the judge was without jurisdiction to entertain the petition.

The Court inquired of the respondent whether the arbitrary or capricious standard referred to in the portion of the opinion quoted applies to this Court's examination of the Commissioner's offer to purchase. The respondent answered that § 11 of Article I mandates that the trial court apply no standard beyond finding that the amount or interest in property taken by the Commissioner exceeds the amount sought in the petition. Respondent's position makes no allowance for mistake or error such as in the survey, interpretation of land use laws, or project redesign resulting in reduced need for property acquisition. Furthermore, the petitioner contends that, as in this case, the Commissioner's diminution of the take as an offer of compromise exposes the entire action to jurisdictional dismissal.

This Court is not convinced by the respondent's argument that amendment of Article I, § 11, limits the Commissioner to take no more property than that which is necessary to achieve the stated public use. To do so would require that this Court ignore the progression and timing of constitutional and legislative changes detailed herein. Additionally, this Court would have to overlook legislatively enacted processes for disposition or reconveyance of excess property taken by the Commissioner detailed in Va. Code §§ 33.2-1005 through 33.2-1010, all codified after amendment of Article I, § 11.

Embedded in respondent's argument is reliance on Va. Code § 25.1-213 whereby the respondent is permitted to challenge the jurisdiction of the court based upon the Commissioner's failure to meet the condition precedent of tendering a *bona fide* offer to purchase pursuant to §§ 25.1-204 and 25.1-206 before filing a petition for condemnation. Incorporation of this statutory provision in his argument undermines the respondent's logic that amendment of Article I, § 11, prohibiting taking more than necessary, establishes a jurisdictional challenge independent of the statutory scheme.

It is worthy of mention that the respondent during argument on his motion clarified that this motion is not a constitutional challenge to the eminent domain and condemnation statutes nor is this a due process challenge to the legislative scheme. The Court notes that the respondent may assert all applicable defenses enumerated in Va. Code § 1-219.1(E), Va. Code §§ 25.1-213 and 25.1-214, and challenges to petitioner's failure to comply with the procedural requirements for condemnation in Title 33.2. These statutory processes and preservation of landowner's defenses provide procedural due process protections to landowners sufficient to trigger judicial review of the Commissioner's compliance.

B. *Whether This Court Loses Jurisdiction When the Commissioner's Designated Expert Opines That an Existing Structure Can Remain within the Utility Easement Contrary to the Commissioner's Certificate of Take*

The respondent asserts that the *bona fide* offer to purchase is no longer valid due to the petitioner's reduced taking revealed during the litigation. The petitioner filed the Certificate of Take describing exclusive use of a utility easement which would necessitate the landowner remove an existing digital sign from the easement. During the litigation, the petitioner's description of anticipated testimony by their expert that the landowner's sign can remain was the impetus for the respondent's motion and objection to jurisdiction. The respondent presents no authority that the Commissioner's designation of experts and description of anticipated testimony constitutes an admission by the party, and this Court is likewise unable to find such authority. The Court is cautious in examining this distinction since the Rules of the Supreme Court do not apply to eminent domain proceedings. *Hornback v. State Hwy. Comm'r*, 205 Va. 50 (1964).

This Court's authority to exercise jurisdiction over the subject matter of this action is found in Va. Code § 25.1-201, and these proceedings are deemed actions at law pursuant to Va. Code § 25.1-202. However, the proceedings are governed by unique pleading requirements found in Va. Code § 25.1-206, which include a statement of compliance with Va. Code § 25.1-204 that the Commissioner made a *bona fide* offer to purchase as a condition precedent to condemnation. The respondent did not properly challenge jurisdiction in his answer pursuant to Va. Code § 25.1-213, but the respondent convincingly cites to *Schmidt v. City of Richmond*, 206 Va.

211 (1965), which held that eminent domain jurisdiction is wholly statutory requiring strict compliance with mandatory statutory conditions that a respondent does not waive in failing to include this challenge in an answer.

The Court finds that the factual issue of the petitioner's reduction of the take remains in dispute and respondent presented no evidence in support of his challenge to the excessive taking, even when invited to do so by the Court. The respondent has the burden of proof to support his motion, which he failed to do in this matter. Absent a party admission, Va. Code § 33.2-1024 is the arbiter of this factual dispute. The Commissioner must seek court approval of any reformation, alteration, revision, amendment, or invalidation of the Certificate of Take. This statutory protection of the landowner is the triggering mechanism for filing the motion presently before the Court. Until this factual dispute is resolved by one of these methods, this Court must deny the respondent's motion to dismiss.

### Conclusion

For the reasons stated above, the Court finds that Article I, § 11, of the Constitution of Virginia does not create an independent jurisdictional challenge to the Commissioner's reduced take in condemnation. The Court further finds that the General Assembly has enacted a statutory scheme with processes preserving the landowner's constitutional right to demand strict compliance with the mandatory conditions precedent to the taking of property. When the landowner proves that the Commissioner failed to adhere to these mandatory statutory conditions or when the take is arbitrary and capricious, then the Court has authority to rule on the respondent's motion to dismiss for lack of jurisdiction. This respondent has not carried his burden, and the motion is denied.

### April 6, 2016

This matter is before the Court on the petitioner's motion to amend the Certificate of Take and the petition and on the respondent's second motion to dismiss the Commissioner's petition for condemnation with requests to continue the trial and award payment of fees. The Court appreciates the written submissions and argument on behalf of both parties. The Court has reviewed all matters and is prepared to rule.

### Motions Not Disputed

The Commissioner moved this Court to amend the Certificate reducing the fee take by allowing wider traffic entry points from the highway into the respondent's property and allowing the respondent's existing digital sign to remain in the utility easement that was originally an exclusive easement. The second part of the requested Certificate amendment was

subject to the approval of the local governing body, Dinwiddie County. The Commissioner asserted that the respondent requested these changes to the highway project plan during negotiations, and the Commissioner moved for the changes as a concession to the respondent. The respondent consented to the motion to amend the Certificate acknowledging at the *ore tenus* hearing that Va. Code § 33.2-1024 and case law including *State Highway & Transp. Comm'r v. Herndon*, 225 Va. 380 (1983), allow the amendment. The Court grants the petitioner's motion to amend the Certificate without objection. The Commissioner shall draft an Order permitting the amendment of the Certificate referencing and incorporating the proposed amended Certificate that will be recorded in the deed book. The Order shall be presented with endorsements by the May 17, 2016, term day.

The respondent moved to continue the trial after the Court granted leave for the Commissioner to amend the Certificate, and the Commissioner joined in the motion to continue, since the amended Certificate and Order must be drafted and entered. The Court, by agreement of the parties, finds good cause to continue the trial. The Court continues the trial to be scheduled by the parties through the Court Administrator prior to the May 17, 2016, term day. In the event the parties are unable to schedule the trial before the term day, then counsel must appear at 10:00 a.m. on May 17, 2016, to schedule the trial. The Court directs counsel for the Commissioner to prepare an Order of Continuance.

## Motion Partially Disputed

The respondent moved this Court to grant payment of $1,000.00 for surveying costs incurred in this litigation pursuant to Va. Code § 25.1-245(B) and moved into evidence respondent's Exhibit 3 to verify the survey cost. The Commissioner agreed that the amount and payment are within the statutorily authorized fee payable by the Commissioner to the respondent, but the Commissioner objected to the timing of the payment noting that the payment must be made at the conclusion of the case. The Court reads subsection B in conjunction with subsection A of the same statute that provides that all costs of the proceedings in the trial court shall be taxed against the petitioner. Section 25.1-245 is placed in Article 7 of the Title 25.1 which details all judgment and post-judgment procedures of eminent domain. Therefore, the Court will award the respondent the requested $1,000.00 taxed as costs to the petitioner at the conclusion of the proceedings.

## Question Presented

The question presented is whether the Commissioner's amendment of the Certificate reducing the property taken nullifies the *bona fide* offer to purchase as a condition precedent for this Court's jurisdiction. Both parties

agree that the Supreme Court of Virginia has not issued an opinion on this question since the ratification of Article I, § 11, of the Constitution of Virginia.

*Statement of Facts*

This matter involves the Highway Commissioner for the Commonwealth of Virginia's, filing a Certificate of Take to acquire additional land adjacent to existing highways located at the intersection of Cox Road and Boydton Plank Road in Dinwiddie County, Virginia. The landowner impacted by this acquisition is the respondent, who owns a convenience store and gas station at the intersection. In 2013, the Commissioner acquired fee simple land, temporary construction easements, and a utility easement by filing a Certificate of Take.

The Certificate of Take, in paragraph seven, detailed the limitations of the respondent's use of the utility easement by providing that, "[respondent] shall not have the right to construct any building, structure, or other above-ground obstruction . . . on the easement." The respondent currently has a digital sign that advertises the price of gasoline that is located partially in this utility easement and partially in the fee simple land acquired by petitioner. Additionally, the petitioner's highway plan and Certificate included narrowing the entry points from the highway into the parking lot that includes a fee take for curbing and sidewalks.

The petitioner began negotiations with the respondent for the purchase prior to the acquisition. Respondent rejected petitioner's offer; so, the petitioner filed the Certificate of Take and later filed the petition before this Court. The respondent filed his answer to the petition without including any challenge to the procedural requirement that the petitioner make a *bona fide* offer to purchase and without raising the jurisdiction claim presented in the first and second motions to dismiss.

The parties, through discovery and in accordance with the pretrial scheduling Order, exchanged their respective designation of experts. The petitioner's designation of experts included a site engineer and highway planner, who "is expected to testify that moving or replacing the existing digital electronic display sign in a similar position can be accomplished in the area of the utility easement." The petitioner did not request to amend the Certificate of Take in any pleading before this Court prior to a hearing on respondent's first motion to dismiss. The Court issued a letter opinion on respondent's first motion to dismiss denying the requested relief. Thereafter, the Commissioner filed a motion to amend the Certificate and Petition, and the respondent filed his second motion to dismiss.

The Court received evidence *ore tenus* at the motions hearing. The Court announced a finding of fact at the hearing that the amended Certificate reduces the property taken in two respects. First, the fee take is reduced by the Commissioner's concession to widen the entry points from the

highway into the respondent's property. Second, the property interest taken by the utility easement is reduced by the Commissioner's concession to the respondent allowing an existing sign to remain in the formerly exclusive easement.

## Analysis

The Court inquired during the motions hearing whether the respondent is presenting a constitutional challenge to the eminent domain and condemnation statutes and whether his motion to dismiss is based on a due process challenge to the legislative scheme regarding eminent domain. The respondent clarified that he was not requesting that the Court declare these statutes unconstitutional. The respondent objects to the Court's jurisdiction when the reduction in property taken resulting from the amendment of the Certificate reveals that the original take in the Certificate was more than necessary in violation of Article I, § 11, of the Constitution of Virginia as codified in Va. Code § 1-219.1. The respondent continued that the amendment consequently changes the amount of property taken and nullifies the prior *bona fide* offer. Though this jurisdictional challenge was not raised in his answer to the petition pursuant to Va. Code § 25.1-213, the respondent convincingly cites to *Schmidt v. City of Richmond*, 206 Va. 211 (1965), which held that eminent domain jurisdiction is wholly statutory requiring strict compliance with mandatory statutory conditions that a respondent does not waive in failing to include this challenge in an answer. Finally, the respondent complains that the Commissioner's actions have caused the respondent to incur unnecessary litigation expenses.

The respondent urges this Court to disregard long standing precedent on eminent domain by adopting his reading of Article I, § 11, of the Constitution of Virginia blended with statutory authority found at Va. Code § 20.1-204 requiring a *bona fide* offer to purchase. The respondent's rational is that the reduction in property sought renders the Commissioner's offers to purchase no longer *bona fide* pursuant to the statutory predicate for the petition found at Va. Code § 25.1-204. In support of this position, the respondent cites *H. G. Charles v. Big Sandy and Cumberland Ry.*, 142 Va. 512, 516 (1925):

> no proceeding shall be taken to condemn land until a *bona fide* effort has been made to acquire the same by purchase. The reason for the existence of this statute is likewise plain. A landowner should not be put to the trouble and possible expense of counsel fees upon the mere whim or caprice of the condemnor when a *bona fide* effort to purchase his land would in all probability terminate the transaction. Without first determining the question of a *bona fide* offer having been

made by the company, the judge was without jurisdiction to entertain the petition.

Absent a *bona fide* offer to purchase, the Court has no jurisdiction to proceed. *Core v. Norfolk,* 99 Va. 190 (1901).

The power of eminent domain is an "essential attribute of sovereignty which . . . inheres in the General Assembly." *Hamer v. School Bd. of Chesapeake,* 240 Va. 66, 70 (1990). Virginia Code §§ 33.2-1001 and 33.2-1007 authorize the Commissioner to acquire private property or parcels thereof for highways. There is no constitutional right to a hearing on the necessity of the Commissioner's taking since this remains a legislative question not reviewable by the judiciary. *Id.* The Courts have only limited review of the choice or amount of property taken by the Commissioner when the property owner asserts that the Commissioner's exercise is an arbitrary and capricious exercise of discretion or involves manifest fraud. *Id.* at 71; see also, Va. Code §§ 25.1-213 and 25.1-214. The respondent argues that *arbitrary* and *capricious* is no longer the controlling standard of review to dismiss a petition notwithstanding his reliance on the decision in *Big Sandy* that uses synonymous language, *whim* or *caprice.*

The Court examined Article I, § 11, and finds that it announces a commonly understood fundamental right to private property ownership. This understanding is repeated and the constitutional amendment cited in the limitations on eminent domain is codified in Va. Code § 1-219.1(C); however, subsection D of § 1-219.1 provides an exception for highways. Additionally, Subsection H of § 1-219.1 states "nothing herein shall be construed as abrogating the power of eminent domain delegated independently of this section." After voters amended § 11, the General Assembly repealed and re-titled the highway condemnation statutes formerly found in Title 33.1, §§ 33.1-1 through 33.1-476, by enacting Title 33.2 thereby reaffirming delegation of condemnation authority to the Highway Commissioner as an independent method of eminent domain. The General Assembly did not change Va. Code § 1-219.1 when enacting Title 33.2. This Court must assume the General Assembly, when enacting laws, "acted with full knowledge of the law in the area in which it dealt." *Falls Church v. Protestant Episcopal Church in the U.S.,* 285 Va. 651, 665-66 (2013) (quoting *Philip Morris USA, Inc. v. Chesapeake Bay Found., Inc.,* 273 Va. 564, 576 (2007)).

Since the respondent does not present a constitutional challenge to the statutory scheme for eminent domain, this Court must continue to strictly apply the statutes as written and follow controlling precedent interpreting and applying these statutes. Absent a constitutional challenge to the statutory scheme, this Court is not convinced by the respondent's argument that amendment of Article I, § 11, mandates that any reduction in the property take nullifies prior offers to purchase when no eminent domain statute explicitly states this jurisdictional standard. To do so would

ignore the progression and timing of constitutional and legislative changes. Additionally, this Court would have to overlook legislatively enacted processes for disposition or reconveyance of excess property taken by the Commissioner detailed in Va. Code §§ 33.2-1005 through 33.2-1010, all codified after amendment of Article I, § 11. These sections would be unnecessary if the legislature intended the exacting standard of limiting the Commissioner's take to no more than necessary.

The *Herndon* case was ironically appealed from the Dinwiddie Circuit Court. The trial court's letter opinion found diligent negotiations and good faith by the Commissioner. The Certificate had a property description that both parties used to erroneously calculate the acres of land taken. The trial court found this mutual mistake was tantamount to no negotiations at all; thus, the trial court dismissed the petition for lack of jurisdiction. The *Herndon* opinion relied on the decision in *Norfolk Redevelopment v. Baylor*, 214 Va. 1 (1973), by finding that, "mere incorrectness in the quantum of the offer, without a showing of bad faith, is insufficient to make out a violation of the mandate of Va. Code § 25-46.5 [now § 25.1-204]." This Court must follow the controlling precedent in *Herndon* that addressed a dilemma similar to the present case regarding changes in the amount of land taken and the consequential impact on whether the offer was *bona fide*. The respondent did not challenge the Commissioner's good faith in negotiations, so this Court must find that the Commissioner made a *bona fide* offer to purchase the respondent's property.

The respondent's objection to incurring litigation costs is also answered in the Herndon decision. The Commissioner's determination of road location and necessity:

> [i]s the exercise of a legislative power, which has been delegated to the [Commissioner]. . . . If the original determination by the Commissioner, in designing the road and recording a certificate, is a legislative act, it follows that an amendment thereof to correct errors is of like character. This argument is strengthened by the express provision, in the last sentence of § 33.1-125 [now 33.2-1024], that any person damaged by an error in a certificate, or by its invalidation, might show such damage in a "proper proceeding." This provision would have been unnecessary if the court had discretion to avert or compensate for such damage in ruling on the amendment or invalidation of certificates. The statutory scheme further protects the landowner by insuring that the certificate may not be amended to take additional land.

*State Highway & Transp. Comm'r v. Herndon*, 225 Va., at 386.

The eminent domain statutory scheme allows no increased property take without dismissal of the Certificate and Petition. The standard urged by the

respondent prohibiting a reduced take would force trial court dismissal of petitions when the Certificate is amended downward. The Commissioner would be obligated to perfection when planning, designing, offering to purchase, and recording certificates of take in eminent domain cases. Simply stated, this is not practical, and no reasonable Court could conclude that the General Assembly would impose this harsh, exacting standard on its delegated agent. Furthermore, this standard that is naturally intolerant of any deviation leaves a resulting imbalance of negotiating power between the Commissioner and landowners. Inherent in any negotiated purchase is bargained for exchange. In eminent domain cases, a quantum of land is exchanged for an agreed upon price. Negotiation contemplates adjustments to the sales price as well as adjustments to the amount of property or interest sold. The Commissioner initiates the process by describing the property sought along with a price to purchase that "need not be the figure likely to be accepted . . . only a figure likely to preserve the framework for further negotiations." *Baylor*, 214 Va. at 3. The process commences between the parties and each party is encouraged by fair dealing to make concessions in price and/or the quantum of property in order to discover and reach a mutually acceptable exchange. The respondent's suggested restriction on the Commissioner's authority to adjust the property take removes an often necessary part of the negotiation process rendering the Commissioner without any ability to address the landowner's unique needs and demands. The resulting power imbalance would hinder the Commissioner's ability to negotiate and would only serve to frustrate the public policy of avoiding the expense and delay of litigation through consensual and balanced bargain and sale.

The Court denies the respondent's motion to dismiss the petition. The Commissioner is granted leave to amend the petition pursuant to Va. Code § 25.1-216. The Commissioner shall file the amended petition within fourteen days of this Order and serve the same on the respondent. The respondent is granted leave to file his answer to the amended petition within twenty-one days of service. The Commissioner shall draft an Order incorporating this letter opinion. The Order shall be presented with endorsements by the May 17, 2016, term day.